**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
_____

VALDIR XAVIER, ET AL                     CASE NO. 06-491,
                                                          consolidated with
        PLAINTIFFS,                     CASE NO. 06-7804

                                                        JUDGE:  ZAINEY

VS.                                                     MAGISTRATE:  KNOWLES

BELFOR USA GROUP, INC.,

        DEFENDANT.

---

**PLAINTIFF'S THIRD AMENDED FLSA COLLECTIVE AND STATE WAGE AND
HOUR CLASS ACTION COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT**

1.     This is a civil action brought on behalf of individuals who worked or are working for

Defendant and all similarly situated former and current employees (collectively referred

to as "Plaintiffs") of the Defendant.  Plaintiffs complain that the Defendant engaged in a

pattern or practice of unlawful conduct which resulted in the violation of their rights

under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and the wage and

hour laws of California, Illinois, Louisiana, Pennsylvania and Ohio.

1

2.      Named Plaintiffs bring this action on behalf of all current and former persons who were, are or will be employed by Defendant Belfor nationwide to perform manual labor in decontamination, drying, cleaning, odor neutralization and reconstruction of various businesses, hereinafter referred to as "Nationwide FLSA Plaintiffs", at any time within the three years prior to the filing of the initial complaint and through the final disposition of this action, "Nationwide FLSA Period", and who were, are or will be eligible for but did not receive overtime compensation.

3.      Plaintiff Erick Pinheiro, hereinafter "Illinois Named Plaintiff", also brings this action on behalf of all persons who were, are or will be employed by Defendant Belfor in Illinois, hereinafter "Illinois Class", at any time within the five years prior to the filing of the initial complaint through the final disposition of this action "Illinois Class Period" and who were, are or will be eligible for but did not receive overtime compensation.

4.      Plaintiffs Vanda Lima, Sergio Alho, and Evandro Ginelli, hereinafter "California Named Plaintiffs", also bring this action on behalf of all persons who were or are employed by Defendant Belfor in California, hereinafter "California Class", at any time within the three years prior to the filing of the initial complaint through the final disposition of this action, hereinafter "California Class Period", and who were, are or will be eligible for but did not receive overtime compensation.

5.      Plaintiffs Orestes Obando and Adan Gonzales, hereinafter "Louisiana Named Plaintiffs", also bring this action on behalf of all persons who were, are or will be employed by Defendant Belfor in Louisiana, hereinafter "Louisiana Class", at any time within the last three years prior to the filing of the initial complaint through the final disposition of this

2

action, hereinafter "Louisiana Class Period", and who were, are or will be owed unpaid wages.

6.  The Louisiana Class does not include individuals who opted into *Rodrigues vs. Belfor USA Group, Inc.* Docket #: 06-0491 which is currently filed with this court.

7.  Plaintiffs Vanda Lima and Sergio Alho, hereinafter "Pennsylvania Named Plaintiffs", also bring this action on behalf of all persons who were, are or will be employed by Defendant Belfor in Pennsylvania, hereinafter "Pennsylvania Class", at any time within the last three years prior to the filing of the initial complaint through the final disposition of this action, hereinafter "Pennsylvania Class Period", and who were, are or will be owed unpaid wages.

8.  Plaintiffs Carlos Velasquez Garduno and Charles Bitting hereinafter "Ohio Named Plaintiffs", also bring this action on behalf of all persons who were, are or will be employed by Defendant Belfor in Ohio, hereinafter "Ohio Class", at any time within the last two years prior to the filing of the initial complaint through the final disposition of this action, hereinafter "Ohio Class Period", and who were, are or will be owed unpaid wages.

9.  The Named Plaintiffs, Nationwide FLSA Plaintiffs, Illinois Named Plaintiffs, California Named Plaintiffs, Louisiana Named Plaintiffs, Pennsylvania Named Plaintiffs and Ohio Named Plaintiffs, hereinafter "Plaintiffs", generally worked seven days a week and usually twelve hours a day restoring and cleaning buildings and other property contaminated by mold, flood water and/or smoke.  In general, Plaintiffs are individuals who have limited proficiency in English and are unfamiliar with the many labor

protections provided by federal law and the laws of each state in which they were employed.  Defendant exploited Plaintiffs' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay them.

10.     Defendant employed Plaintiffs as unskilled manual laborers by using the subcontractor system and intentionally misclassifying Plaintiffs as independent contractors and/or supervisors in an effort to circumvent the overtime provisions of the FLSA.[1]  At all times, however, Defendant was the joint-employer of the Plaintiffs.

11.     Plaintiffs seek a declaration that their rights have been violated, an award of unpaid wages, an award of liquidated damages, an award of fees and costs to make them whole for damages they have suffered and to ensure that they and future workers will not be subjected by the Defendant to such illegal conduct in the future.

## II.    JURISDICTION

12.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

13.     This Court also has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the state wage Plaintiffs' proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In

---

[1]  Plaintiffs reserve the right to amend the complaint to include an additional claim of violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act upon completion of discovery.

addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

14.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### III.   VENUE

15.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

16.  This Court has personal jurisdiction over Defendant Belfor because it is registered with the Louisiana Secretary of State to do and is doing business in the state and in this district, the Defendant has submitted to the personal jurisdiction of this Court in *Rodrigues vs. Belfor USA Group, Inc.* Docket #: 06-0491 which is based on similar claims and facts, and because many of the acts complained of occurred in this State and this District and gave rise to claims alleged.

### IV.   PARTIES

17.  Plaintiffs are the named plaintiffs and other similarly situated former and current employees of the Defendant who were directly or indirectly employed by Defendant and/or its subcontractors in various disaster restoration projects throughout the United States and who were, are or will be owed wages, including overtime wages, but did not receive them.

18.  Defendant Belfor USA Group, Inc. (hereinafter "Belfor") is a corporation incorporated in the state of Delaware and registered as a foreign corporation with the Secretary of State

of Louisiana whose resident agent is Access Louisiana, Inc., 400 Travis Street, Ste. 504, Shreveport, LA 71101.

## V.    GENERAL ALLEGATIONS

19.    Defendant was contracted by various businesses across the United States to provide services which included decontamination, drying, cleaning, odor neutralization and reconstruction among other things.

20.    Defendant was permitted to subcontract some or all of the work it was required to provide under these contracts.

21.    Defendant contracted with various subcontractors and other entities to provide labor and other services to fulfill their obligations under the contracts referenced in paragraph 20.

22.    Subcontractors hired by Defendant, recruited and/or hired Plaintiffs to perform the services required under the contracts referenced under paragraph 20.

23.    Plaintiffs relied upon various promises made by the subcontractors in accepting the employment offered.

24.    Defendant controlled or supervised the work performed by the Plaintiffs and subcontractors.

25.    Plaintiffs worked as unskilled manual laborers on various projects across the United States for Defendant.

26.    Plaintiffs performed substantially similar unskilled manual labor in public and private buildings.

27.    Plaintiffs routinely worked over 8 hours per day, 40 hours per week, and 7 days a week.

28.    Defendant willfully failed to pay Plaintiffs premium compensation as required under the

6

FLSA, the California Labor Code (CLC), California Unfair Competition Law (CUCL), Cal. Bus. & Prof. Code §17200 et seq. (CBPC), the applicable Cal. Wage Order (CWO), the Illinois Minimum Wage Law (IMWL), and the Pennsylvania Minimum Wage Act (PMWA), and the Ohio Minimum Fair Wage Standards Act (OMFWA) at one and one-half times and twice the regular hourly rate ("overtime compensation") for overtime hours.

29.     Defendant willfully failed to pay Plaintiffs as required by the FLSA, the  Louisiana Wage Payment Act (LWPA), the CLC, the CUCL, the CBPC, the CWO,  the Illinois Wage Payment and Collection Act (IWPCL), and the Pennsylvania Wage Payment and Collection Law (PWPCL).

30.     At all times relevant to this action, Defendant employed Plaintiffs with the meaning of the FLSA, the LWPA, the CLC, the CUCL, the CBPC, the CWO, the IMWL, the IWPCL, the PMWA, the PWPCL and the OMFWA.

31.     At all times relevant to this action, Plaintiffs were employees of the Defendant within the meaning of the FLSA, the LWPA, the CLC, the CUCL, the CBPC, the CWO, the IMWL, the IWPCL, the PMWA, the PWPCL, and the OMFWA.

32.     At all times relevant to this action, Defendant was the employer of the Plaintiffs within the meaning of the FLSA, the LWPA, the CLC, the CUCL, the CBPC, the CWO, the IMWL, the IWPCL, the PMWA, the PWPCL, and the OMFWA.

## VI.   COLLECTIVE ACTION ALLEGATIONS

33.   All claims set forth in Count I of this action are brought by the Named Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 (b), on behalf of all Nationwide FLSA Plaintiffs.

34.   Named Plaintiffs bring this count on their own behalf and on behalf of all other individuals who (1) worked or are working for Defendant performing unskilled manual labor either directly or indirectly through subcontractors in various projects throughout the United States over the last three years prior to the filing of the initial complaint and through the final disposition of this action, and (2) who were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive overtime pay.  Named Plaintiffs do not bring Count I on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

35.   Nationwide FLSA Plaintiffs were hired directly by Defendant or by subcontractors utilized by Defendant to fill Defendant's needs for manual labor in conducting clean up and reconstruction work in various projects throughout the United States.  However, at all times relevant to this action, Defendant was an employer or joint employer of the Plaintiffs.

36.   With respect to Count I, a collective action under the FLSA is appropriate because the Nationwide FLSA  Plaintiffs are "similarly situated".

37.   The class of individuals on behalf of whom the Named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs,  were or are subject to the same or

8

similar unlawful practices, policy or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as those of the Named Plaintiffs.

38.   The precise number of individuals in the class are known only to the Defendant.  The class is believed to include well over one thousand individuals.

39.   The named Plaintiffs seek to represent a class under Count I consisting of:

"All individuals who worked or are working for Defendant performing manual labor either directly or indirectly through various subcontractors in various projects throughout the United States over the last three years who were eligible for overtime pay  pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive overtime pay."

## CALIFORNIA CLASS ALLEGATIONS

40.   The California Named Plaintiffs bring Count II through Count V as a class action pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members.

41.   The California Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that during the California Class Period Defendant has employed at least one hundred persons who satisfy the definition of the California Class.

42.   There are questions of fact common to the class.  The common questions of fact include, but are not limited to:

a.      Whether Defendant unlawfully failed to pay overtime compensation in violation of California law;

b.      Whether the California Named Plaintiffs and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.      Whether Defendant's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d.      Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

e.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

43.   The California Named Plaintiffs' claims are typical of California Class members' claims. The California Named Plaintiffs, like other California Class members, were subjected to Defendant's policy and practice of refusing to pay overtime in violation of California law. The California Named Plaintiffs' job duties were typical of those of other California Class members.

44.   The California Named Plaintiffs will fairly and adequately represent and protect the interests of the California Class. The California Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

45.     Class certification of Count II is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to the California Named Plaintiffs and the California Class as a whole. The California Named Plaintiffs and the California Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Defendant.

46.     Class certification of Count II is also appropriate under Fed. R. Civ. P. 23(b)(3) because, inter alia:

   a.      The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

   b.      Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

   c.      There has been no litigation already commenced against the Defendant by the class members to determine the questions presented;

   d.      Defendant's common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements;

   e.      It will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices;

   f.      A Class action can be managed without undue difficulty because the Defendant has  regularly committed the violations complained of herein, and is required to maintain detailed records concerning each class member.

**ILLINOIS CLASS ALLEGATIONS**

47.     The Illinois  Named Plaintiffs bring Count VI and Count VII as a class action pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Illinois Class members.

48.     The Illinois Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that during the Illinois Class Period Defendant has employed at least one hundred persons who satisfy the definition of the Illinois Class.

49.     There are questions of fact common to the class.  The common questions of fact include, but are not limited to:

   a.     Whether Defendant unlawfully failed to pay overtime compensation in violation of the IMWL and the IWPCL;

   b.     Whether the Illinois Named Plaintiffs and the Illinois Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Illinois law;

   c.     Whether Defendant's policy and practice of classifying the Illinois Class members as exempt from overtime entitlement under Illinois law and Defendant's policy and practice of failing to pay overtime to the Illinois Class members violate applicable provisions of Illinois law, including applicable statutory and regulatory authority;

   d.     Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Illinois law; and

   e.     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

50.     The Illinois Named Plaintiffs' claims are typical of Illinois Class members' claims. The Illinois Named Plaintiffs, like other Illinois Class members, were subjected to

Defendant's policy and practice of refusing to pay overtime in violation of Illinois law. The Illinois Named Plaintiffs' job duties were typical of those of other Illinois Class members.

51.   The Illinois Named Plaintiffs will fairly and adequately represent and protect the interests of the Illinois Class. The Illinois Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

52.   Class certification of Count VI and Count VII is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Illinois Class, making appropriate declaratory and injunctive relief with respect to the Illinois Named Plaintiffs and the Illinois Class as a whole. The Illinois Named Plaintiffs and the Illinois Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Defendant.

53.   Class certification of Count VI and Count VII is also appropriate under Fed. R. Civ. P. 23(b)(3) because, inter alia:

a.   The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.   Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.   There has been no litigation already commenced against the Defendant by the class members to determine the questions presented;

d.   Defendant's common and uniform policies and practices unlawfully treat

13

members of the Illinois Class as exempt from overtime pay requirements;

e.    It will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices;

f.    A Class action can be managed without undue difficulty because the Defendant has  regularly committed the violations complained of herein, and is required to maintain detailed records concerning each class member.

## PENNSYLVANIA CLASS ALLEGATIONS

54.    The Pennsylvania  Named Plaintiffs bring Count VIII and Count IX as a class action pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Pennsylvania Class members.

55.    The Pennsylvania Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that during the Pennsylvania Class Period Defendant has employed at least one hundred persons who satisfy the definition of the Pennsylvania Class.

56.    There are questions of fact common to the class.  The common questions of fact include, but are not limited to:

a.    Whether Defendant unlawfully failed to pay overtime compensation in violation of Pennsylvania law;

b.    Whether the Pennsylvania Named Plaintiffs and the Pennsylvania Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Pennsylvania law;

c.    Whether Defendant's policy and practice of classifying the Pennsylvania Class members as exempt from overtime entitlement under Pennsylvania law and Defendant's policy and practice of failing to pay overtime to the Pennsylvania Class members violate applicable provisions of Pennsylvania law, including

14

applicable statutory and regulatory authority;

d.  Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Pennsylvania law; and

e.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Pennsylvania Class.

57.  The Pennsylvania Named Plaintiffs' claims are typical of Pennsylvania Class members' claims. The Pennsylvania Named Plaintiffs, like other Pennsylvania Class members, were subjected to Defendant's policy and practice of refusing to pay overtime in violation of Pennsylvania law. The Pennsylvania Named Plaintiffs' job duties were typical of those of other Pennsylvania Class members.

58.  The Pennsylvania Named Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class. The Pennsylvania Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

59.  Class certification of Count VIII and Count IX is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Pennsylvania Class, making appropriate declaratory and injunctive relief with respect to the Pennsylvania Named Plaintiffs and the Pennsylvania Class as a whole. The Pennsylvania Named Plaintiffs and the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Defendant.

60.  Class certification of Count VIII and Count IX is also appropriate under Fed. R. Civ. P. 23(b)(3) because, inter alia:

15

a.    The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.    Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.    There has been no litigation already commenced against the Defendant by the class members to determine the questions presented;

d.    Defendant's common and uniform policies and practices unlawfully treat members of the Pennsylvania Class as exempt from overtime pay requirements;

e.    It will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices;

f.    A Class action can be managed without undue difficulty because the Defendant has  regularly committed the violations complained of herein, and is required to maintain detailed records concerning each class member.

## LOUISIANA CLASS ALLEGATIONS

61.    The Louisiana  Named Plaintiffs bring Count X as a class action pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Louisiana Class members.

62.    The Louisiana Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that during the Louisiana Class Period Defendant has employed at least one hundred persons who satisfy the definition of the Louisiana Class.

63.    There are questions of fact common to the class.  The common questions of fact include, but are not limited to:

a.    Whether Defendant unlawfully failed to pay wages due in violation of Louisiana law;

b.      Whether the Louisiana Named Plaintiffs and the Louisiana Class members are owed wages for work performed for Defendant;

c.      Whether Defendant's policy and practice of failing to pay the Louisiana Class members wages owed for work performed violate applicable provisions of Louisiana law, including applicable statutory and regulatory authority;

d.      Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Louisiana law; and

e.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Louisiana Class.

64.    The Louisiana Named Plaintiffs' claims are typical of Louisiana Class members' claims. The Louisiana Named Plaintiffs, like other Louisiana Class members, were subjected to Defendant's policy and practice of failing to pay all wages owed for work performed in violation of Louisiana law. The Louisiana Named Plaintiffs' job duties were typical of those of other Louisiana Class members.

65.    The Louisiana Named Plaintiffs will fairly and adequately represent and protect the interests of the Louisiana Class. The Louisiana Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

66.    Class certification of Count V is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Louisiana Class, making appropriate declaratory and injunctive relief with respect to the Louisiana Named Plaintiffs and the Louisiana Class as a whole. The Louisiana Named Plaintiffs and the Louisiana Class are entitled to injunctive relief to end Defendant's common and

17

uniform practice of failing to properly compensate its employees for all work performed for the benefit of Defendant.

67.    Class certification of Count V is also appropriate under Fed. R. Civ. P. 23(b)(3) because, inter alia:

    a.    The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

    b.    Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

    c.    There has been no litigation already commenced against the Defendant by the class members to determine the questions presented;

    d.    Defendant's common and uniform policies and practices unlawfully fail to compensate members of the Louisiana Class for all work performed;

    e.    It will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices;

    f.    A Class action can be managed without undue difficulty because the Defendant has  regularly committed the violations complained of herein, and is required to maintain detailed records concerning each class member.

## OHIO CLASS ALLEGATIONS

68.    The Ohio Named Plaintiffs bring Count XI as a class action pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Ohio Class members.

69.    The Ohio Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that during the Ohio Class Period Defendant has employed at least one hundred

persons who satisfy the definition of the Ohio Class.

70.     There are questions of fact common to the class.  The common questions of fact include, but are not limited to:

    a.    Whether Defendant unlawfully failed to pay overtime compensation in violation of Ohio law;

    b.    Whether the Pennsylvania Named Plaintiffs and the Ohio Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Ohio law;

    c.    Whether Defendant's policy and practice of classifying the Ohio Class members as exempt from overtime entitlement under Ohio law and Defendant's policy and practice of failing to pay overtime to the Ohio Class members violate applicable provisions of Ohio law, including applicable statutory and regulatory authority;

    d.    Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Ohio law; and

    e.    The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Ohio Class.

71.     The Ohio Named Plaintiffs' claims are typical of Ohio Class members' claims. The Ohio Named Plaintiffs, like other Ohio Class members, were subjected to Defendant's policy and practice of refusing to pay overtime in violation of Ohio law. The Ohio Named Plaintiffs' job duties were typical of those of other Ohio Class members.

72.     The Ohio Named Plaintiffs will fairly and adequately represent and protect the interests of the Ohio Class. The Ohio Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment

litigation.

73.    Class certification of Count XI is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because
        Defendant has acted or refused to act on grounds generally applicable to the Ohio Class,
        making appropriate declaratory and injunctive relief with respect to the Ohio Named
        Plaintiffs and the Ohio Class as a whole. The Ohio Named Plaintiffs and the Ohio Class
        are entitled to injunctive relief to end Defendant's common and uniform practice of
        failing to properly compensate its employees for all overtime work performed for the
        benefit of Defendant.

74.    Class certification of Count XI is also appropriate under Fed. R. Civ. P. 23(b)(3) because,
        inter alia:

        a.    The common issues of law and fact, as well as the relatively small size of the
               individual class members' claims, substantially diminish the interest of members
               of the class in individually controlling the prosecution of separate actions;


        b.    Many members of the class are unaware of their rights to prosecute these claims
               and lack the means or resources to secure legal assistance;

        c.    There has been no litigation already commenced against the Defendant by the
               class members to determine the questions presented;

        d.    Defendant's common and uniform policies and practices unlawfully treat
               members of the Ohio Class as exempt from overtime pay requirements;

        e.    It will obviate the need for unduly duplicative litigation that might result in
               inconsistent judgments about Defendant's practices;

        f.    A Class action can be managed without undue difficulty because the Defendant
               has  regularly committed the violations complained of herein, and is required to

maintain detailed records concerning each class member.

## VII.    COUNT I
## Violation of the Federal Fair Labor Standards Act,  29 USC § 201 et. seq.

75.    Named Plaintiffs, on behalf of themselves and all members of the Nationwide Class, reallege and incorporate by reference paragraphs 1 through 74 as if they were set forth again herein.

76.    Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs  have consented in writing to be party plaintiffs in this FLSA action.[2]

77.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ, "employee[s]," including Named Plaintiffs, and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

78.    At all times relevant to this action, Defendant "suffered or permitted" the Nationwide Collective Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

79.    The FLSA requires an employer to pay employees the federally mandated overtime wage rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

80.    The Defendant violated the FLSA by failing to pay the Nationwide Collective Plaintiffs the overtime wage rate for all hours worked in excess of 40 hours per workweek.

81.    Nationwide Collective Plaintiffs are victims of a uniform and company wide

---

[2]  Consent forms have been previously filed with this court and are hereby incorporated

compensation policy which operates to compensate them at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been and continues to be applied to all individuals who have worked or are working as manual laborers for Defendant.

82. Defendant's violations of the FLSA were willful.

83.  By failing to compensate Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

84. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

85. As a result of Defendant's violation, each Nationwide Collective Plaintiff is entitled to his or her unpaid overtime wage plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney's fee.

## VIII.  COUNT II
### Violation of the Cal. Wage Order No. 17; Cal. Labor Code §§ 510, 1194, Brought by California Named Plaintiffs on Behalf of Themselves and the California Class

86. The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 85 as if they were set forth again herein.

in this amendment.

87. California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

88. The California Named Plaintiffs and the California Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

89. Throughout the California Class Period, and continuing through the present, the California Named Plaintiffs and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. Certain California Named Plaintiffs and California Class members also worked in excess of twelve hours in a workday.

90. During the California Class Period, Defendant misclassified the California Named Plaintiffs and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

91. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiffs and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## IX.  Count III
### Violations of Cal. Labor Code §§ 201, 202, & 203, Brought by the California Named Plaintiffs on Behalf of Themselves and the California Class

92. The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 91 as if they

were set forth again herein.

93.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages
due within the time specified by law. California Labor Code § 203 provides that if an
employer willfully fails to timely pay such wages, the employer must continue to pay the
subject employees' wages until the back wages are paid in full or an action is
commenced, up to a maximum of thirty days of wages.

94.     The California Named Plaintiffs and all California Class members who ceased
employment with IBM are entitled to unpaid compensation, but to date have not received
such compensation.

95.     More than thirty days have passed since certain California Class members left
Defendant's employ.

96.     As a consequence of Defendant's willful conduct in not paying compensation for all
hours worked, the California Named Plaintiffs and California Class members whose
employment ended during the class period are entitled to thirty days ' wages under Labor
Code § 203, together with interest thereon and attorneys' fees and costs.

## X.  Count IV
### Violations of Cal. Wage Order No. 17; Cal. Labor Code §§ 218.5, 226.7, & 512, Brought by the California Named Plaintiffs on Behalf of Themselves and the California Class

97.     The California Named Plaintiffs, on behalf of themselves and all members of the
California Class, reallege and incorporate by reference paragraphs 1 through 96 as if they
were set forth again herein.

98.     The California Named Plaintiffs and California Class members regularly work and have
worked in excess of five hour shifts without being afforded at least a half-hour meal
break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and
512 and Wage Order No. 17-2001, § 9(a).

99.    The California Named Plaintiffs and California Class members regularly work and have worked in excess of ten hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 17-2001, § 9(b).

100.    As a result of Defendant's failure to afford proper meal periods, it is liable to the California Named Plaintiffs and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 17-2001, § 9(c).

**XI.  Count V**
**Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq.,**
**Brought by the California Named Plaintiffs on Behalf of Themselves**
**and the California Class**

101.  The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 100 as if they were set forth again herein.

102.  The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

103.  Beginning at a date unknown to Plaintiffs Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the California Named Plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiffs and to the California Class.

104.  Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.    California Labor Code § 1194;

b.    California Labor Code §§ 201, 202, 203, 204, and 226;

c.    California Labor Code § 1174; and

d.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

105. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

106. The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

107. The California Named Plaintiffs, on behalf themselves and the California Class members, seek recovery of attorneys' fees and costs of this action to be paid by IBM, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

108. The California Named Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one- half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

## XII.  Count VI.
### Violations of the Illinois Minimum Wage Act Brought by Illinois Named Plaintiff on Behalf of Himself and the Illinois Class

109.   The Illinois Named Plaintiff, on behalf of himself and all members of the Illinois Class, realleges and incorporates by reference paragraphs 1 through 108 as if they were set forth again herein.

110.   Illinois law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

111.   The Illinois Named Plaintiff and the Illinois Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

112.   Throughout the Illinois Class Period, and continuing through the present, the Illinois Named Plaintiff and the Illinois Class members worked in excess of forty hours in a workweek.

113.   During the Illinois Class Period, Defendant misclassified the Illinois Named Plaintiff and the Illinois Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

114.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Illinois Named Plaintiff and the Illinois Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**XIII.  Count VII**
**Violations of the Illinois Wage Payment & Collection Act Brought by Illinois Named Plaintiff on Behalf of Himself and the Illinois Class**

115.   The Illinois Named Plaintiff, on behalf of himself and all members of the Illinois Class, realleges and incorporates by reference paragraphs 1 through 114 as if they were set forth again herein.

116.    Illinois Law requires Defendant to pay its employees all wages due within the time specified by law.  820 ILCS §115/4.

117.    The Illinois Named Plaintiff and all Illinois Class members who are owed wages for work performed during the Illinois Class Period are entitled to their unpaid compensation, but to date have not received such compensation.

118.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the Illinois Named Plaintiff and Illinois Class members whose employment ended during the class period are entitled to their unpaid wages, together with interest thereon and attorneys' fees and costs. 705 ICLS §225/1

### XIV.  Count VIII
### Violations of the Pennsylvania Minimum Wage Act Brought by Pennsylvania Named Plaintiffs on Behalf of Themselves and the Pennsylvania Class

119.    The Pennsylvania Named Plaintiff, on behalf of himself and all prospective members of the Pennsylvania Class, realleges and incorporates by reference paragraphs 1 through 118 as if they were set forth again herein.

120.    The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. § 333.103 et seq.

121.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. §333.103(g). At all relevant times, Defendant has employed, and continues to employ, employees, including the Pennsylvania Named Plaintiff and each of the Pennsylvania Class members, within the meaning of the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.103(h).

122.    The Pennsylvania Minimum Wage Act of 1968 requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees. 43 Pa. Stat. § 333.104(c).

29

The Pennsylvania Named Plaintiff and the Pennsylvania Class members are not exempt from overtime pay requirements under Pennsylvania law. 43 Pa. Stat. § 333.105.

123.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime pay to the Pennsylvania Named Plaintiff and the Pennsylvania Class members for their hours worked in excess of forty (40) hours per week.

124.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, Defendant must pay to the Pennsylvania Named Plaintiff and the Pennsylvania Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.104(c).

125.    The Pennsylvania Named Plaintiff, on behalf of himself and the Pennsylvania Class members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.113.

126.    The Pennsylvania Named Plaintiff, on behalf of himself and the Pennsylvania Class members, seeks damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, less any such wages paid, as provided by the Pennsylvania Minimum Wage Act of 1968, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper. 43 Pa. Stat. § 333.113.

**XV.  Count IX**
**Violations of the Pennsylvania Wage Payment & Collection Act Brought by Pennsylvania**
**Named Plaintiffs on Behalf of Themselves and the Pennsylvania Class**

127.    The Pennsylvania Named Plaintiff, on behalf of himself and all members of the
Pennsylvania Class, realleges and incorporates by reference paragraphs 1 through 126 as
if they were set forth again herein.

128.    Pennsylvania Law requires Defendant to pay its employees all wages due within the time
specified by law.  43 P.S. § 260.3

129.    The Pennsylvania Named Plaintiff and all Pennsylvania Class members who are owed
wages for work performed during the Pennsylvania Class Period are entitled to their
unpaid compensation, but to date have not received such compensation.

130.    As a consequence of Defendant's willful conduct in not paying compensation for all
hours worked, the Pennsylvania Named Plaintiff and Pennsylvania Class members whose
employment ended during the class period are entitled to their unpaid wages, liquidated
damages, together with interest thereon and attorneys' fees and costs. 43 P.S. § 260.9a
and 43 P.S. § 260.10

**XVI.  Count X**
**Violations of the Louisiana Wage Payment & Collection Act Brought by Louisiana Named**
**Plaintiffs on Behalf of Themselves and the Louisiana Class**

131.    The Louisiana Named Plaintiff, on behalf of himself and all members of the Louisiana
Class, realleges and incorporates by reference paragraphs 1 through 130 as if they were
set forth again herein.

132.    Louisiana Law requires Defendant to pay its employees all wages due within the time
specified by law.  LSA-R.S. 23:631

133.    The Louisiana Named Plaintiff and all Louisiana Class members who are owed wages for work performed during the Louisiana Class Period are entitled to their unpaid compensation, but to date have not received such compensation.

134.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the Louisiana Named Plaintiff and Louisiana Class members whose employment ended during the class period are entitled to their unpaid wages, penalty wages, together with interest thereon and attorneys' fees and costs.  LSA-R.S. 23:632

### XVI.  Count XI
### Violations of the Ohio Minimum Fair Wage Standards Act Brought by Ohio Named Plaintiffs on Behalf of Themselves and the Ohio Class

135.    The Ohio Named Plaintiff, on behalf of himself and all members of the Ohio Class, realleges and incorporates by reference paragraphs 1 through 134 as if they were set forth again herein.

136.    Ohio law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

137.    The Ohio Named Plaintiff and the Ohio Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

138.    Throughout the Ohio Class Period, and continuing through the present, the Ohio Named Plaintiff and the Ohio Class members worked in excess of forty hours in a workweek.

139.    During the Ohio Class Period, Defendant misclassified the Ohio Named Plaintiff and the Ohio Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

140.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Ohio Named Plaintiff and the Ohio Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be

established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## DEMAND FOR JURY TRIAL

141.   Plaintiffs hereby demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs on behalf of themselves and all members of the Nationwide FLSA Class, pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Ordering Defendant to disclose in computer readable format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Named Plaintiffs to send notice of this action to all those similarly situated individuals;

C.   Designation of Named Plaintiffs as Representatives of the Nationwide FLSA Plaintiffs;

D.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E.   Declaring that the Defendants willfully violated the Fair Labor Standards Act and their attendant regulations;

F.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G.      Granting judgment in favor of Plaintiffs and against Defendant on the Plaintiffs' Fair Labor Standards Act claim and awarding each of them the amount of his/her unpaid overtime wages, along with an equal amount as liquidated damages;

H.      Awarding Plaintiffs the costs of this action;

I.      Awarding the Plaintiffs a reasonable attorney's fee with regard to their claims under the Fair Labor Standards Act;

J.      Pre-Judgment and Post-Judgment interest, as provided by law; and

K.      Whatever additional relief the Court deems just and proper.

WHEREFORE, each Named Plaintiff on behalf of him- or herself and all members of the Class he or she represents, prays for relief as follows:

L.      Certification of this action as a class action on behalf of each proposed Class;

M.      Designation of each Named Plaintiff as a Representative of the Class he or she seeks to represent;

N.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

O.      Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

P.      Appropriate statutory penalties;

Q.      An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

R.      Restitution;

S.      Pre-Judgment and Post-Judgment interest, as provided by law;

T.      Such other injunctive and equitable relief as the Court may deem just and proper; and

U.      Attorneys' fees and costs of suit, including expert fees and costs.

Respectfully submitted,

**S/WILLIAM LURYE**
William Lurye
wlurye@rul-law.com
**Robein, Urann & Lurye, P.L.C.**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
(504) 885-9994

Jose A. Sandoval (P57274)
jdsandoval@sbcglobal.net
Robert Anthony Alvarez (P66954)
alvarezlaw@gmail.com
**Law Office of Jose A. Sandoval, P.C.**
4543 S. Division Ave.
Wyoming, MI 49503
(616) 257-6807

Ronald J. VanderVeen (P33067)
Pro Hac Vice Motion Pending
rjvv@holland-law.com
Gregory J. McCoy (P51419)
gmccoy@holland-law.com
**Cunningham Dalman, P.C.**
321 Settlers Road
Holland, MI 49423
(616) 392-1821

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify May 4, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

**S/WILLIAM LURYE**
William Lurye
wlurye@rul-law.com
**Robein, Urann & Lurye, P.L.C.**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
(504) 885-9994