UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VALDIR XAVIER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-491 c/w 06-7084** |
| **BELFOR USA GROUP, INC** | **SECTION "T"(3)** |

**ORDER AND REASONS**

Currently before the Court is Defendant's Motion to Strike Materials Submitted as Attachments to Plaintiffs' Opposition to Defendant's Motion to Strike. (Rec. Doc. 130). Plaintiffs' filed an Opposition to the Motion. (Rec. Doc. 159). The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.   BACKGROUND**

On May 10, 2007, Plaintiff's filed their "Third Amended FLSA Collective and State Wage and Hour Class Action Complaint and Jury Demand." (Rec. Doc. 104). In that Complaint, Plaintiffs allege that Defendant engaged in a pattern or practice of unlawful conduct which resulted in the violation of their rights under the Fair Labor Standards Act (FLSA), 29, USC § 201, *et seq.*, and the wage and hour laws of California, Illinois, Louisiana, Pennsylvania and Ohio. The named Plaintiffs brought the action on behalf of all current and former persons who were or will be employed by

1

Defendant to perform manual labor in connection with various businesses at any time within the three (3) years prior to the filing of the initial complaint and through the final disposition of this action and who were, are or will be eligible for but did not receive overtime compensation. (Rec. Doc. 104).

Defendant filed a Motion to Dismiss the Third Amended Complaint pursuant to FRCP 12(b)(6). The Motion requested that the Complaint be dismissed, in sum, on the grounds that: (1) the state law causes of action asserted fail as a matter of law; and (2) the FLSA collective action and state law class actions are inadequately pled under FRCP 8. (Rec. Doc. 113). Plaintiffs filed an Opposition (Rec. Doc. 125) and attached four (4) exhibits equaling forty-four (44) pages in length. Defendant filed the instant Motion to Strike the exhibits attached to Plaintiffs' Opposition arguing that the Court's reviewing of the exhibits is inappropriate on a Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. 130)

**II.     LAW AND ANALYSIS**

Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible. *Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), citing 5 Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24-43. *See also Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.)("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice. *Cousin v. Small*, 2001 WL 617455 (E.D.La.2001) referring

to Fed.R.Civ.P. 12(b); Fed R. Evid. 201; *See also In re Ford Motor Co. Bronco II*, 909 F.Supp. 400, 403 (E.D.La.1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson*, 1999 WL 717628, at *2 (E.D.La. Sept.13, 1999) (same); *Gauthreaux v. USAA Cas. Ins. Co.* L 65573, *1 -2 (E.D.La.,2001) (same).

Plaintiffs' Exhibits 1, 2, and 3 are pleadings filed in the state and federal district courts in Michigan. Because these pleadings are matters of public record, under the authority cited *supra*, the Court may take judicial notice of these documents in connection with Defendant's Rule 12 (b)(6) Motion to Dismiss. Accordingly, Defendants' Motion is **DENIED** as it regards Exhibits 1, 2, and 3. As to the remaining documents, namely, Exhibit "4," the New Master Subcontract Agreement; and Exhibit "5," the Affidavit of Jorge Anderson, Plaintiffs have not demonstrated that those documents are matters of "public record" subject to judicial notice. Accordingly, it would it be inappropriate for the Court to review those documents in connection with its analysis of Defendant's FRCP 12(b)(6) Motion to Dismiss.

Further, if the Court were to consider Plaintiffs' non-public record documents, Defendant's Motion to Dismiss would effectively become a Motion for Summary Judgment pursuant to FRCP 56. See FRCP 12(b). However, a district court has broad discretion in deciding whether to treat a motion to dismiss as a motion for summary judgment and, even though supplementary materials are filed by the parties, a court need not take cognizance of them. *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274 (5th Cir. 1991).

The Court has already determined that Exhibits "4" and "5" are not public records. Therefore, if considered, the instant Motion would become a Motion for Summary Judgment.

However, the Court declines to review Exhibits "4" and "5" and in so doing, declines to exercise its discretion to convert the Motion to Dismiss to a Motion for Summary Judgment. As such, Defendant's Motion to Strike is **GRANTED** insofar as it requests that Exhibits "4" and "5" attached to Plaintiffs' Opposition to the Motion to Dismiss be stricken from the Court record and will not considered in the Court's analysis of Defendant's Motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike (Rec. Doc. 130) is **DENIED in part** and **GRANTED in part**. Defendant's Motion is **DENIED** as it regards Exhibits 1, 2, and 3 attached to Plaintiffs' Opposition to the Motion to Dismiss. (Rec. Doc. 125). Defendant's Motion is **GRANTED** as it regards Exhibits 4 and 5 attached to Plaintiffs' Opposition to the Motion to Dismiss. (Rec. Doc. 125). Exhibits 4 and 5 are **hereby stricken** from the Court record and will not be considered in the Court's analysis of Defendant's Motion to Dismiss.

New Orleans, Louisiana this 26th day of November, 2007.

*[signature]*

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**