**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VALDIR XAVIER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-491 c/w 06-7084** |
| **BELFOR USA GROUP, INC** | **SECTION "A"(3)** |

<u>**ORDER AND REASONS**</u>

Before the Court is plaintiffs' motion to enforce the Court's September 7, 2006 Order. Rec. Doc. 258. The motion is opposed. Rec. Doc. 288. For the following reasons, the motion is granted.

**I.    BACKGROUND**

This action involves claims by workers who were not paid overtime wages in violation of the Fair Labor Standards Act while working on post-hurricane Katrina projects along the Gulf Coast. The action was filed on February 1, 2006, against Belfor USA Group, Inc., claiming Belfor was responsible for the payment of the overtime wages and applicable FLSA penalties. The Court certified this action as a collective action for purposes of settlement only on September 7, 2006. Rec. Doc. 43. The Court also approved the settlement agreement of the parties indicating that each named plaintiff and opt-in plaintiff who chose to be part of the settlement and accept its terms would be paid approximately 145% of the wages owed. Rec. Doc. 43.

On January 22, 2008, in accordance with the settlement agreement, plaintiffs requested that Belfor release funds designated as settlement offers made to 80 opt-in plaintiffs. Exhibit "A"attached to Rec. Doc. 258. Belfor's counsel initially indicated that payment was forthcoming; however, in subsequent correspondence counsel indicated a problem with payment, in full, of the settlement offers made. Exhibits B, C attached to Rec. Doc. 258. Specifically, Belfor submitted that

it would withhold $22, 594.17 of the amount offered "in trust." Belfor submits it can withhold this amount because it has been paid to plaintiffs by Vent Vac Systems, LLC.

Vent Vac is one of the subcontractors who employed workers on Belfor job sites after Hurricane Katrina. The Vent Vac workers are part of the collective action. As Belfor pays the amounts owed to the opt-in and named plaintiffs for overtime work in accordance with the settlement agreement, Belfor offsets that amount from the amount it owes its subcontractors (including Vent Vac). Belfor's counsel indicated to Vent Vac that it would offset the $22,594.17 it owed to Vent Vac for the payments made to these opt-in plaintiffs. Exhibit "C" attached to Rec. Doc. 258. Vent Vac then claimed entitlement to these proceeds asserting that it already paid the 80 opt-in plaintiffs that amount. Belfor then put the amount in trust and has refused to pay plaintiffs the disputed amount. The instant motion involves whether Belfor should disperse the entire amount owed to the opt-in plaintiffs or whether it can disperse only a portion of the amount, holding "in trust" the disputed portion.

## II.    ARGUMENTS OF THE PARTIES

Plaintiffs argue that Belfor agreed that the offers described in Exhibit "D" (totaling approximately $110,555.28) were reasonably accurate calculations for uncompensated overtime hours covered by the settlement for the 80 opt-in plaintiffs at issue. Plaintiffs submit they requested these amounts in January 2008 and to date, Belfor has refused to release $22,594.17 of the funds holding that amount "in trust." Plaintiffs further argue that Belfor's position that it must withhold that amount is improper because the Vent Vac payments were made to different opt-in plaintiffs. Further, they claim that Vent Vac is not a party to this litigation and the Court has no jurisdiction

over the dispute between Belfor and Vent Vac concerning whether or not Belfor can offset the

$22,594.17 Vent Vac claims it is owed.  Plaintiffs assert that under the settlement agreement, Belfor

agreed to pay the full amount and it has no legal basis for refusing to pay these 80 workers the

agreed upon amounts they are due.

Belfor responds that it has no real interest in the outcome of the motion.  Belfor concedes

that the money at issue does not belong to Belfor and should either be paid to Vent Vac or plaintiffs.

Belfor argues that Vent Vac is the real party in interest and should be made aware of the motion as

well as allowed an opportunity to respond.  Further, they submit that if the Court grants this motion,

Belfor will pay plaintiffs the disputed sum and offset that amount from the amount due to Vent Vac.

Vent Vac can then sue plaintiffs for that amount.  If the Court denies the motion, Belfor will release

the funds to Vent Vac.  In any event, Belfor argues that Vent Vac could be prejudiced if not heard

on this motion.

## II.     LAW AND ANALYSIS

Under Louisiana law, a contract is incomplete unless there is a meeting of the minds of the

parties upon a common ground of a mutual understanding of facts and of subject matter.  Not only

must the parties understand alike, but their contract must afford a complete expression of this

meeting of the minds, and leave no material element unexpressed.  Offer and assent must coincide,

and the result must be a complete obligation.  *Jones v. Janes*, 156 La. 715, 101 So. 116 (1924).

In January 2007, the parties entered into a Collective Action Settlement Agreement whereby

they agreed to settle, adjust and compromise this litigation.  Sealed Exhibit "1" attached to Rec. Doc.

59.  The agreement states that Belfor shall pay 100% of the unpaid overtime wages to each covered

3

employee who timely submits notice and who worked on Belfor projects for a Belfor subcontractor as a result of damage caused by Hurricane Katrina. Sealed Exhibit "1" at paragraph A. In addition, Belfor agreed to pay, as liquidated damages, the sum of 45% of the overtime wages due to each plaintiff. Sealed Exhibit "1" at paragraph C. The Court approved this agreement on September 7, 2006 and again on July 24, 2007. Rec. Docs. 43, 140.[1] The Court Order also provides that Belfor "shall pay any new opt-in class member who chooses to opt-in 145% of his wages owed, such calculation to be agreed on by the parties and submitted to the Court for approval, and subject to each new class member executing a release of all claims against Belfor." Rec. Docs. 43, 140.

The instant dispute involves new opt-in plaintiffs and does not involve the group of workers whose settlements received Court approval in the original Order.[2] The Belfor audit attached to plaintiffs' motion as an Exhibit, provides that as of February 26, 2008, Belfor acknowledged that payment of $110,555.28 was owed to the opt-in plaintiffs. Plaintiff does not dispute that this is the amount agreed to by the parties as due and owing to the opt-in plaintiffs and in fact, plaintiffs request that the Court order Belfor to disperse the amounts listed in Belfor's audit. Based upon the settlement papers and the agreement of the parties as to the amount owed, the Court finds that a meeting of the minds between Belfor and plaintiffs was made as to the amounts due and owing the opt-in plaintiffs for those amounts listed in the Belfor audit. The plaintiffs are entitled to those amounts.

---

[1]The difference in the two Orders approving the settlement is that the second Order extends the general opt-in period to August 2, 2007. The original opt-in period was July 3, 2007.

[2]In the Order approving the settlement, the Court approved the settlement of the claims of opt-in plaintiffs listed in Exhibit "A" attached to the motion to approve settlement. Those settlements are not at issue in this motion.

Belfor's position that it can withhold "in trust" the $22,594.17 Vent Vac claims it is owed from the total amount is without merit.  Belfor is mandated by the settlement agreement to pay each opt-in plaintiff 145% of the wages owed regardless of Vent Vac's position on the matter.  That obligation occurs regardless of any obligation Vent Vac and Belfor have to each other.  Furthermore, the audit presented to the Court involves wages to be paid to workers who were employed by subcontractors other than Vent Vac, namely, Expro Services, Inc., M/2 Royal and Ticos Construction.  Based upon the record, the Court sees no reason why the payments of these wages and penalties, arising out of work with non-Vent Vac subcontractors and as agreed upon by the parties, should not immediately be dispersed to the opt-in plaintiffs listed and in the amounts listed. No party has presented any objections to the amounts presented in the Belfor audit report; therefore, the amounts are approved.  To the extent that Vent Vac is claiming it paid these amounts as wages to the listed workers, it can intervene in this suit or take other action to protect its interest.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to enforce the Court's September 6, 2007 Order, (rec,. Doc. 258) is **GRANTED.**

September 22, 2008

_____

UNITED STATES DISTRICT JUDGE

JAY C. ZAINEY