UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VALDIR XAVIER, ET AL.**                                       **CIVIL ACTION**

**VERSUS**                                                      **NO:06-491 C/W 06-7804**

**BELFOR GROUP USA, INC.**                                      **SECTION "A" (3)**

**ORDER AND REASONS**

Before the Court is Tico Construction, LLC's motion to sever Belfor Group, Inc.'s third-party demand and Tico's counterclaim against Belfor from the consolidated principal action. Rec. Doc. 230. The motion is opposed. Rec. Doc. 236. For the following reasons, the motion is denied.

**I.  BACKGROUND**

In October 2006, Orestes Obando and Adan Gonzalez filed civil action 06-7804 ("*Obando* Action) on behalf of themselves, and those similarly situated, against Belfor Group USA, Inc. and Ticos Construction, LLC. The suit alleges violations of the Fair Labor Standards Act, 29 USC § 201, et seq.[1] Rec. Doc. 1 in civil action 06-7804. The original complaint alleged that the named plaintiffs as well as those similarly situated worked on Belfor projects along the Gulf Coast for a number of contractors, including Ticos, and were not paid in accordance with the provisions of the FLSA. Plaintiffs requested that the Court certify the action as a collective action under the FLSA and declare that the defendants had violated their rights entitling them to damages. While Tico Construction was the only Belfor subcontractor named as a defendant, plaintiffs reserved their rights to name additional "joint employers" as the case progressed through discovery.

The *Obando* Action was originally assigned to Section "K" and was transferred to this Section because it is related to the *Xavier* Action, civil action 06-491. The *Xavier* and *Obando*

---

[1] The *Obando* Action was later amended to include state wage and labor law claims in a number of states and requested nationwide collective certification.

Actions were consolidated upon transfer to this Section. Rec. Doc. 43 in civil action 06-7804 and Rec. Doc. 77 in 06-491.

Subsequent to consolidation, Belfor filed a third-party demand against Tico. Rec. Doc. 169. In that complaint, Belfor alleges that it and Tico signed a Master Services Agreement which governed the contractual relationship between the parties on all Belfor projects. It is undisputed that Tico is a Belfor subcontractor who performed work on Belfor projects after Hurricane Katrina. Belfor alleges that the MSA required Ticos to pay its employees appropriate wages and to comply with all federal and state laws regarding employees. If Tico did not comply, the MSA provided that Tico would have to indemnify Belfor for any losses.

Belfor alleges that its investigation revealed that a number of the plaintiffs and potential opt-in plaintiffs or class members in both the *Obando* and *Xavier* actions, worked for Tico on Belfor jobsites and, allegedly, were not paid overtime as required by the FLSA. Thus, Belfor, relying on the MSA, filed the third-party demand requesting a declaratory judgment finding that Tico must indemnify Belfor for any liability in the defense of the *Xavier* and *Obando* Actions and, that Tico owes Belfor contribution under Louisiana law. Second, Belfor seeks a declaration that it was entitled to withhold payment of sums due and owing to Tico for work performed on Belfor projects due to Tico's failure to fully comply with the MSA. Further, Belfor alleges it is entitled to offset any amounts it owes to Tico with the amounts Tico would owe to Belfor for indemnification as provided in the MSA. Rec. Doc. 169.

In November 2007, Tico filed an answer to the third-party demand and asserted a counterclaim against Belfor. Rec. Doc. 190. The counterclaim submits that in June 2006, Tico and Belfor entered into a compromise labeled "Points of Agreement" which specifically refers to the

*Xavier* Action and sets forth the parties' compromise agreement on the monies owed to Tico by Belfor. This "Points of Agreement" provides that Belfor Tico will set aside approximately $1 million dollars to cover the costs of the claimants in Xavier and in return, Belfor was to pay the approximately $1.6 million dollars it owed Tico for work performed. Rec. Doc. 190 at p. 6. Tico alleges Belfor has failed to pay the funds owed and requests judgment in that amount, plus fees and costs. Rec. Doc. 190 at p. 7. The instant motion to sever the incidental demands followed.

Tico first argues that the Belfor's third-party demand and Tico's counterclaim should be severed from the consolidated action because the procedural complexity of the consolidated case prevents it from moving forward in the prosecution of its counterclaim against Belfor. Rec. Doc. 230. Tico submits Belfor agreed to submit the remaining balance to Tico as specified in the agreement but Belfor has yet to perform. Because the incidental demands center on a contract dispute, Tico argues they have very little, if any, relation to any of the issues involved in the consolidated action requiring severance. Rec. Doc. 230 at p. 5. Second, Tico argues that the fact issues in the consolidated action have no bearing or relationship to the facts in its counterclaim against Belfor. Morever, Tico argues that the witnesses and documentary proof required for the trial on the incidental demands will be different than that of the consolidated action. Finally, Tico argues that it will be significantly prejudiced if the incidental demands are not severed because it has a right to move its claims against Belfor forward and if the incidental demands remain with the consolidated action, significant inconvenience and delay will result in resolving the contract issues between Belfor and Tico. Rec. Doc. 230 at p. 5.[2]

---

[2]Tico also argues that the prejudice is further elevated if the Court were grant the plaintiffs' request to transfer this case to Eastern District of Michigan to be consolidated with the *Nava* action as the incidental demands have no relation or connection to that action. This argument is moot as the *Nava* case has been transferred to this Court and is pending before this Section.

3

Belfor counters that the incidental demands between Belfor and Tico unquestionably arise out of the same factual transaction as the principal action: Tico's alleged unlawful payroll practices. Belfor argues that Tico's position on the merits is that its payment of the claim emanates only from the "Points of Agreement." However, Belfor counters that Tico's behavior in not paying overtime resulted in a second suit, the *Obando* Action, and that the exposure created in that suit is not covered by the "Points of Agreement" entitling Belfor to a credit on the amounts it owes Tico's in favor of whatever amounts it must pay to the *Obando* Action plaintiffs. Hence, Belfor's seeking third-party relief against Tico for amounts due and would not owe the entire $1.6 million in additional funds but instead would be entitled to offset any amounts it had to pay *Obando* plaintiffs from the total due Tico. Second, Belfor argues that the principal consolidated action and the incidental actions involve the same evidence. Belfor also argues the most efficient way to adjudicate all of the claims involving Tico is within the principal action.

## II.     LAW AND ANALYSIS

Under FRCP 14 ( a)(4), any party may move to strike the third-party demand, to sever it or try it separately. FRCP 21 provides that the court may sever any claim against a party and FRCP 42(b) provides that the district court, for convenience of the parties, to avoid prejudice, or to expedite and economize, may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. The district court has broad discretion to sever issues to be tried. See *Brunet v. United Gas Pipeline Company*, 15 F. 3d 500, 505 (5th Cir. 1995) ; See also *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000).

A district court may consider the following factors in order to determine whether claims should be severed: (1) whether the claims arose out of the same transaction or occurrence; (2)

4

whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims. See *McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852, *1 (S.D.Miss. 2006)(citing *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (S.D.N.Y.1999)).

      Consideration of these factors warrants denial of the motion to sever. Belfor's third-party demand alleges that Tico is mandated under the MSA to pay all appropriate wages to Tico's employees utilized on Belfor projects. Further, under the MSA, Tico must indemnify Belfor for any and all liability in the event Tico does not comply with federal and state employment law including payment of proper wages. Thus, at issue in both suits is Tico's payment or non-payment of wages in violation of federal and state law. Tico argues that its claim is really about the agreement made in the "Points of Agreement" which mandates that Belfor pay the remaining $1.6 million owed for work performed and, therefore, is not related to the principal consolidated action. Tico's argument is rejected. The allegations in both the *Xavier* and *Obando* Actions is that employees on Belfor projects were employed by, among others, Tico, and that they were not paid overtime wages. Accepting Belfor's allegations as true that the MSA requires indemnity if Tico fails to pay, then Tico would owe Belfor for non-payment of its employees. In both the consolidated principal action and Belfor's third-party demand, the issue is whether or not Tico paid its employees in compliance with FLSA, state law and the MSA. Accordingly, the claims arise out of the same transaction or occurrence and involve, at least, common questions of fact. Tico's argument is rejected because what truly is at issue is whether or not Tico paid the employees in both the *Xavier* and *Obando* Actions in accordance with state and federal law. If not, then the MSA is triggered and Tico owes

Belfor. While Tico may have a defense to any further payments in *Xavier*, there is now the second *Obando* Action with new plaintiffs. Any amounts which Tico may be entitled to under the "Points of Agreement" (i.e. payment for work performed) would be have to be subtracted from any amounts it is found to have to pay Belfor for failing to pay *Obando* plaintiffs on Belfor jobsites should the MSA be triggered. Thus, at issue in the counterclaim is whether or not Tico paid its employees in accordance with federal and state law and, therefore, all the claims arise out of the same transaction or occurrence and involve common questions of fact.

Settlement of the claims and judicial economy is a neutral factor. Belfor and Tico can settle the claims they have against each other whether those claims are pending in this action or in a separate action. Even if the Court were to sever the action and reassign it a new case number, that action would inevitably be assigned to this division as a related action under Rule 3.1 Judicial economy is best served by keeping the cases in this Court without exhausting additional limited judicial resources.

The witnesses and evidence in both the consolidated actions and the incidental demands will be the same. As mentioned *supra*, plaintiffs in *Obando* and *Xavier* will have to prove that they were not paid by Tico in order to prove their claims. If they were not paid, this would trigger the obligations under the MSA. Thus, the same witnesses and evidence on the main demands, will be used to prove proposed violations of the MSA.

Tico lastly argues that it will be prejudiced if its counterclaim against Belfor is kept in this action because the complexity of the issues in the main demand prohibit it from it moving its case forward. The Court finds this argument unpersuasive as Tico is a named defendant in the *Obando* consolidated action and would have the same inconvenience and delay regardless of the

counterclaim. Further, Tico has filed a separate claim against Belfor in civil action 08-949 for monies it is alleged it is owed by Belfor that are not part of the amounts sought by Tico under the "Points of Agreement." Tico is adequately protected from any prejudice.

For the reasons stated herein, Tico's motion to sever is denied.

Accordingly,

**IT IS ORDERED** that Tico Construction, LLC's Motion to Sever (Rec. Doc. 230) is **DENIED**

September 22, 2008

_____
**UNITED STATES DISTRICT JUDGE
JAY C. ZAINEY**