UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VALDIR XAVIER, ET AL.                    CIVIL ACTION

VERSUS                                   NO: 06-491 c/w 06-
                                         7804, 08-3736 &
                                         08-949

                                         REF: NO. 08-3736
                                         (Nava)

BELFOR USA GROUP, INC.                   SECTION: "A" (3)

ORDER

Before the Court are a **Motion to Dismiss (Rec. Doc. 404)**
filed by defendant Belfor USA Group, Inc. ("Belfor"), and a
**Motion to Dismiss Certain Plaintiffs' Claims and Demands (Rec.
Doc. 390)**,[1] also filed by Belfor.  The Nava plaintiffs oppose
both motions.  The motions, set for hearing on January 21, 2009,
are before the Court on the briefs without oral argument.  For
the reasons that follow, both motions are GRANTED IN PART AND
DENIED IN PART.

I.    NAVA ACTION BACKGROUND

This action was originally filed by Juan Antonio Alfaro Nava
against Belfor in the Eastern District of Michigan.  That Court

_____

[1] Belfor filed this motion in the alternative to its motion
to dismiss (Rec. Doc. 404), which moves for dismissal of all
claims.  According to Belfor, if the motion to dismiss (Rec. Doc.
404) all claims is granted, then this second motion becomes moot.

transferred the case to this district after concluding that the Nava complaint was nearly identical to the Obando[2] complaint pending in this Court.  After the suit was pending in this district Plaintiffs filed their Second Amended Complaint (Rec. Doc. 374) without opposition from Belfor.[3]  The Nava action is

_____

[2] The Obando action (06-7804) was filed in October 2006 by Orestes Obando and Adan Gonzalez on behalf of themselves, and those similarly situated, against Belfor and Ticos, one of Belfor's subcontractors, alleging *inter alia* violations of the Fair Labor Standards Act ("FLSA").  The Obando plaintiffs sought to certify a nationwide FLSA collective action of those individuals who performed manual labor for Belfor anytime within 3 years of the initial complaint and who did not receive overtime compensation.  The Obando plaintiffs also sought class certification of claims brought under the state laws of Louisiana, Pennsylvania, Ohio, California, and Illinois.

Via prior motion practice, the Obando state class action claims have been dismissed (Rec. Doc. 240) and certification of the nationwide FLSA collective action has been denied (Rec. Doc. 330).  On January 21, 2009, the magistrate judge denied Plaintiffs' motion to file a fourth amended complaint.  (Rec. Doc. 425).

The master case, Xavier v. Belfor (06-491), was certified as a collective action for settlement purposes.  The class is defined as

> All individuals who were directly or indirectly employed by subcontractors Expro Services, Inc., Ticos Construction, LLC, M-2, Inc., Carl E. Woodward, LLC, and Vent-Vac Systems, LLC on Belfor Projects in the Gulf Coast area arising from or relating to storm damage caused by Hurricane Katrina and who were owed and did not receive overtime wages pursuant to 29 U.S.C. § 207.

Rec. Doc. 140.  The settlement in that case is nearly complete.

[3] Belfor had filed motions to dismiss (Rec. Docs. 336 & 337) Plaintiffs' First Amended Complaint and Plaintiffs had filed

consolidated with the <u>Xavier</u> and <u>Obando</u> actions.[4]  The Second
Amended Complaint (hereinafter "the Complaint") is styled a
"hybrid 29 U.S.C. § 216 collective action and Rule 23 class
action complaint" against Belfor for engaging in a pattern or
practice of unlawful conduct that resulted in the violation of
Plaintiffs' rights under the FLSA and the wage and hour laws of
the states of Ohio, Pennsylvania, South Carolina, and Texas.
(Rec. Doc. 374 ¶ 1).

　　Belfor is a restoration and remediation company and it
specializes in emergency response.  In the regular course of its
business, Belfor contracts with various temporary labor suppliers
to obtain the unskilled manual laborers necessary to providing
its services.  (Comp. ¶ 21).  Plaintiffs were unskilled manual
laborers recruited and hired by Belfor or its subcontractors to
perform manual labor for Belfor at various projects throughout

---

motions to certify a Rule 23 class (Rec. Doc. 348) and to certify
an FLSA collective action (Rec. Doc. 345), based on the
allegations contained in that complaint.  On October 29, 2008,
the Court held a status conference at which it dismissed
Plaintiffs' motions as premature.  (Rec. Doc. 362).  The Court
was persuaded that Belfor's motions to dismiss should be
considered first.  Plaintiffs were given two weeks to file their
oppositions to Belfor's motions to dismiss.  In addition to
filing their oppositions, Plaintiffs filed the instant Second
Amended Complaint and Belfor then withdrew its then-pending
motions to dismiss.  (Rec. Doc. 376).

　　[4] <u>Ticos Construction, LLC v. Belfor USA Group, Inc.</u> is also
part of the consolidation.

the United States, including Alabama, Florida, Georgia,
Louisiana, Mississippi, Ohio, Pennsylvania, North Carolina, South
Carolina, Texas, and Virginia. (Comp. ¶¶ 22-23). Plaintiffs
were compensated on an hourly-rate basis and routinely worked in
excess of 8 hours per day, and in excess of 40 hours per week,
for up to 7 days a week. (Id. ¶¶ 28-29). Plaintiffs maintain
that they were not paid any overtime premium as required by state
and federal law, (id. ¶ 30), and that they were not timely paid
all compensation due them as required by law, (id. ¶ 33).
Plaintiffs maintain that Belfor has a company-wide decision,
policy, or plan of contracting with various subcontractors to
obtain unskilled manual laborers in order to circumvent its
obligations as an employer under the FLSA and the wage and hour
laws of the various states in which it had projects. (Comp. ¶
37).

    Plaintiffs allege that Belfor was their "employer" and that
its conduct violated the FLSA. Plaintiffs allege claims on
behalf of an FLSA collective class, which they believe consists
of over 1,000 individuals, defined as:

> All persons who were members of Belfor's "traveling labor
> force," and whose services were billed for by Belfor to
> its clients as "temporary local labor," who directly or
> through "captive labor contractors or companies"
> ("Subcontractors") were employed by Belfor to perform
> unskilled manual labor at various projects throughout the
> United States over the last three years prior to the

4

filing of the initial complaint and through the final
disposition of this action, and who were eligible for and
entitled to overtime pay pursuant to the FLSA, 29 USC
207, but did not receive overtime pay because of Belfor's
decision, policy or plan to deprive them of that pay.

(Comp. ¶ 39).

Plaintiffs also allege what in effect amounts to four state
law class actions defined as an Ohio Class, Pennsylvania Class,
South Carolina Class, and Texas Class.[5]  (Comp. ¶ 45).
Plaintiffs allege that certification of these classes is
appropriate pursuant to Rule 23(b)(2) and (b)(3).  (Id. ¶¶ 63,
70, 77, & 84).  The allegations made with respect to each state
class are discussed in greater detail below.

Belfor now moves pursuant to Rule 12(b)(6) to dismiss all
claims filed by the Nava plaintiffs in Civil Action 08-3736.
(Rec. Doc. 404).  In the alternative, Belfor seeks dismissal of
all claims filed by plaintiffs Ricardo Manuel and Joao Batista
Silva (Rec. Doc. 390), pursuant to the Court's Order of October
9, 2008, which was entered in the Xavier matter.  Belfor also

---

[5] Plaintiffs' complaint is somewhat confusing in that it
alleges a "State Class" that is further subdivided into the four
state subclasses of Ohio, Pennsylvania, South Carolina, and Texas
listed above.  The complaint does not suggest, however, that any
plaintiff is a member of this larger State Class aside from being
a member of one of the four subclasses.  In other words, the
State Class would seem to consist only of the sum whole of the
four state subclasses.  Thus, in effect Plaintiffs have pled four
separate class actions, each based on the law of a different
state.

seeks dismissal of certain state law claims asserted on behalf of certain workers who allegedly performed work in Ohio, Pennsylvania, South Carolina, and Texas.

## II. <u>DISCUSSION</u>

### A.   **Belfor's Motion to Dismiss (Rec. Doc. 404)**

#### *The Parties' Arguments*

Belfor moves pursuant to Rule 12(b)(6) to dismiss all claims asserted in the <u>Nava</u> plaintiffs' complaint.  (Rec. Doc. 404). Belfor contends that the Complaint is nothing but a cosmetically altered copy of the <u>Obando</u> complaint.  Thus, Belfor contends that the Court should apply the reasoning used in <u>Obando</u> to this action and dismiss the <u>Nava</u> plaintiffs' claims in their entirety.

With respect to the state law class actions, Belfor argues that the Complaint fails to plead facts sufficient to state a claim upon which the relief sought--class adjudication--can be based.  Belfor contends that under controlling Fifth Circuit precedent and this Court's prior ruling in <u>Obando</u>, the Complaint fails to state a claim that can be certified under Rule 23(b)(3).[6]  Belfor asseverates that the predominance requirement

---

[6] Plaintiffs also alleged a class pursuant to Rule 23(b)(2) and Belfor challenged certification under that section as well. However, in their memorandum in opposition Plaintiffs clarified that they are seeking certification under Rule 23(b)(3) and not under Rule 23(b)(2).  (Rec. Doc. 413 p. 21).  Thus, those claims will be dismissed.

is not met because the employment relationship between each potential class member and Belfor requires a wholly individualized analysis given that Belfor did not ostensively employ any of the plaintiffs.  According to Belfor, the issue of employer status must be analyzed on an individual basis--per job, per subcontractor, per potential class member, and per day, and the only way that the Court can ascertain whether Belfor was the employer of any particular plaintiff is to analyze the litany of factors for each individual employee and/or subcontractor on the jobs at issue.

Belfor contends that Plaintiffs' allegation that Belfor had a corporate "policy" of using a subcontractor system to effectuate violations of the FLSA is of no moment.  Belfor contends that the only way to determine whether it used the subcontractor system as a subterfuge is through consideration of the highly individualized and fact-intensive employer test. Moreover, Belfor points out that there is no authority for the proposition that such a policy would permit the Court to ignore the Fifth Circuit's multi-factored employer test and deem Belfor the employer of the thousands of workers that worked for its subcontractors.

Belfor adds that the individualized nature of the question of damages proves fatal to the class action claims.  Belfor

argues that the <u>Nava</u> claims are similar to the <u>Obando</u> claims in that there is no suitable class-wide formula for an award of monetary relief.  According to Belfor, each class member's damage award will be a highly individualized analysis of different subcontractor payroll records, sign-in sheets, check stubs, and affidavits, assuming of course that the subcontractor even kept adequate records.

With respect to the FLSA collective action,[7] Belfor contends that the complaint is devoid of factual allegations sufficient to state a claim under the Rule 8(a) standards announced in <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955 (2007).  Belfor contends that Plaintiffs are attempting to employ some type of pre-<u>Twombly</u> standard.  As with the state law class action claims, Belfor argues that the Complaint lacks factual support for Plaintiffs' contention that Belfor was their employer.  Belfor contends that Plaintiffs have pled only legal conclusions with respect to employment status and no facts.

In opposition, Plaintiffs point out that this case is still in the pleading stages and Belfor has filed a Rule 12(b)(6) motion so the only question is whether the Complaint meets the minimum pleading requirements of Rule 8(a).  Plaintiffs maintain

---

[7] Belfor also applies its FLSA arguments to the state law class actions.

that <u>Bell Atlantic v. Twombly</u>, <u>supra</u>, did not articulate a
heightened fact pleading requirement but merely explains that a
complaint must allege enough facts to raise a reasonable
expectation that discovery will reveal evidence of the claim.
Plaintiffs argue that Belfor's motion is actually an unsupported
Rule 56 motion for summary judgment based not on any evidence but
merely on factual assertions and legal arguments made by Belfor's
attorneys.

    Plaintiffs recognize that their complaint must factually
allege employer status.  However, having had the benefit of no
discovery to date, Plaintiffs contend that they are not required
at this stage to provide evidentiary support for their factual
allegations.  Plaintiffs also take issue with the contention that
the status of the employer/employee relationship would require
individualized analysis.  Plaintiffs contend that if they can
prove the allegations in their complaint that support employer
status then it is a simple matter of determining who is on the
pertinent rosters.

    Regarding damages, Plaintiffs argue that the calculations
for each worker will not be untenable or overly time-consuming
and that payroll records can be used.  Also, the Court could
consider bifurcating the issue of liability from damages.  Either
way, Plaintiffs have not alleged unmanageable classes.

In sum, Plaintiffs urge the Court to deny Belfor's motion, without regard to what took place in <u>Obando</u>, and pray for an answer from Belfor, a scheduling conference, and normal discovery so that this matter can proceed.

### *Law and Analysis*

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 570 (5th Cir. 2005) (citing <u>Shipp v. McMahon</u>, 199 F.3d 256, 260 (5th Cir. 2000)).  In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. <u>Id.</u> (citing <u>C.C. Port, Ltd. v. Davis-Penn Mortgage Co.</u>, 61 F.3d 288, 289 (5th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true "raise a right to relief above the speculative level." <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007)).  Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the

10

court.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

###### 1.  State Law Class Actions

Federal Rule of Civil Procedure 23 governs class actions in the United States district courts. The prerequisites to a class action are that:

> **(1)** the class is so numerous that joinder of all members is impracticable;
>
> **(2)** there are questions of law or fact common to the class;
>
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> **(4)** the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Pro. 23(a). A class action may be maintained if the prerequisites in 23(a) are satisfied and if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. Pro. 23(b)(3).

As in the Obando matter, the Court is persuaded that the class allegations fail to meet the Rule 23(b)(3) predominance requirement. (Rec. Doc. 240 at p. 13). The question as to

11

whether Belfor was the actual employer of each of the individual class members is such an individualized inquiry and predominates over any common fact issues.   As noted in <u>Obando</u>, the Court will first have to look at the individual relationship of each worker with Belfor prior to addressing liability.  That analysis will require an employee/employer test under the applicable state law. After that determination is made and assuming that Belfor is found to be the employer, the Court would then have to look at each state statute and compare that statute with the facts as to each individual plaintiff to determine if a violation occurred. This would engage the Court in looking at each job site in each state for each class member for each day and hour worked.  The nuances in each respective state's law requires an individualized analysis as to each class member.

Moreover, the foregoing problems are not solved by the <u>Nava</u> plaintiffs' attempt to create four separate state law subclasses. It remains that for each member of each of the four subclasses the "employer" determination must be made individually.

For the foregoing reasons, the motion to dismiss is GRANTED as to the state class action claims.

### 2.    *FLSA Collective Action*

Title 29 of the United States Code, § 216(b) of the FLSA

creates a cause of action for employees against employers, who violate the overtime compensation requirements. Section 216(b) provides, in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action . . . may be maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b) (West 1998). Section 216(b) establishes an "opt-in" scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995). Pursuant to the statute the term "employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . . 29 U.S.C.A. § 203(d) (West 1998 & Supp. 2008).

Plaintiffs allege that they performed unskilled general labor, that they were paid on an hourly basis, that they routinely worked in excess of 40 hours per week, and that they were not paid any overtime premium. (Comp. ¶¶ 27, 28, 29, 30).

13

Plaintiffs also allege that Belfor was their employer as that term is defined in the FLSA. (Id. ¶¶ 35, 36). Contrary to Belfor's assertions, Plaintiffs have not pled a mere legal conclusion with respect to their status as employees. Rather, Plaintiffs have pled that Belfor provided them with uniforms, safety training, and tools (Comp. ¶ 24), that Belfor set their work schedules (Id. ¶ 25), that they often worked for Belfor for extended periods of time (Id. ¶ 26), and that they performed manual labor at Belfor's direction (Id. ¶ 23). At this stage the Court accepts Plaintiffs' allegations as true, and while the Court is not deciding that Plaintiffs can establish employer status based solely upon these allegations, the Court is persuaded that Plaintiffs do state a claim under the FLSA. Belfor's motion to dismiss the FLSA claims is therefore DENIED.

For the foregoing reasons, Belfor's Motion to Dismiss (Rec. Doc. 404) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the state law class action claims and DENIED as to the FLSA claims.

**B.  Belfor's Motion to Dismiss Certain Plaintiffs' Claims and Demands (Rec. Doc. 390)**

    *1.  Manuel and Silva Claims*

Belfor seeks dismissal of all claims brought by plaintiffs

14

Ricardo Manuel and Joao Batista Silva arguing that Manuel and Batista cannot participate in the <u>Nava</u> action because their claims were fully and finally resolved in <u>Xavier</u>.  Manuel and Silva both opted into the <u>Xavier</u> settlement, received payments, and executed releases.  According to Belfor, the October 9, 2008, order issued in the <u>Xavier</u> matter prohibited two other <u>Xavier</u> plaintiffs from joining <u>Nava</u> and those plaintiffs had not even executed releases.

In opposition, Manuel and Silva argue that the release and the settlement agreement only pertained to the claims raised in <u>Xavier</u> and that any provision in the release seeking to waive claims neither raised nor compensated in the lawsuit should be void as contrary to public policy.

The motion is DENIED at present.  Belfor places far too much emphasis on the October 9, 2008, order entered in <u>Xavier</u>.  (Rec. Doc. 346).  In conjunction with that order the Court was never called upon to determine the enforceablility of the broad release executed by the <u>Xavier</u> opt-ins.  Rather, the Court denied the three motions to dismiss because the Court did not think it appropriate that those plaintiffs be allowed to refile *their* <u>*Xavier*</u> *claims* in another forum having already opted in to the <u>Xavier</u> settlement.  It does not follow, however, that denying an

opportunity to forum shop the <u>Xavier</u> claims entails precluding certain plaintiffs from being able to assert claims wholly unrelated to the claims in <u>Xavier</u>.  The October 9, 2008, order was not intended to have such an effect and Belfor's reliance on it for such a proposition is misplaced.

If the releases signed by the employees in <u>Xavier</u> are as broad as Belfor contends,[8] or as broad as the release language contained in the settlement agreement itself, then the claims of Ricardo Manuel and Joao Batista Silva will be subject to dismissal *if the release is enforceable as to claims not at issue in Xavier*.  The <u>Lynn's Food</u> case cited by Plaintiffs in their opposition is clearly distinguishable because it involved a purported FLSA settlement by non-represented employees who had never filed a lawsuit.  <u>Lynn's Food Stores, Inc. v. United States of America</u>, 679 F.2d 1350 (11th Cir. 1982).  The Court is simply not prepared to dismiss Manuel and Batista's claims until it is convinced that the releases are enforceable as broadly as they are written.

_____

[8] Neither party provided the Court with a copy of the individual releases signed by the employees.  Exhibit 1 to Plaintiffs' opposition is the Collective Action Settlement Agreement signed by the attorney for the <u>Xavier</u> plaintiffs and by Belfor's represenative.  (Rec. Doc. 414).  It references an exhibit that would be the "Individual Release" but it was not attached.

16

### 2. Ohio Claims

Belfor argues that liquidated damages are not available under Ohio law.  Belfor also argues that it was not required to keep wage records because it did not employ Plaintiffs.

In opposition, Plaintiffs concede that Ohio law does not allow for liquidated damages.  Plaintiffs contend that the issue of whether Belfor employed them has yet to be determined.

The motion is GRANTED as to the claim for liquidated damages under Ohio law and DENIED as to the wage records.  As noted above, Plaintiffs have alleged sufficient facts regarding the issue of employment status.

### 3. Pennsylvania Claims

Belfor argues that Plaintiffs fail to state a claim under Pennsylvania's Wage Payment and Collection Law ("WPCL") because that law requires a wage and hour contract between the claimant and the alleged employer.  Belfor contends that Plaintiffs undisputedly did not have a contract of employment with Belfor and that they did not allege such in the Complaint.

In opposition, Plaintiffs suggest that their claim is actually brought under Pennsylvania's Minimum Wage Act, Pa. Stat. Ann. tit. 43, § 333.104, which contains its own civil action

17

enforcement, provision in Pa. Stat. Ann. tit. 43, § 333.113.

The motion is GRANTED as to any claims brought under the WPCL and DENIED as to any claims brought under the Minimum Wage Act of 1968.

### 4.    *South Carolina Claims*

Belfor argues that it is not subject to South Carolina's Payment of Wages Act ("SCPWA") because it did not employ Plaintiffs, and specifically because it was not responsible for handling payment of wages.  Alternatively, Belfor argues that no South Carolina law determines the maximum number of hours employees may work without receiving overtime pay.

In opposition, Plaintiffs concede that South Carolina has no overtime statute. They persist, however, in their claim that Belfor violated state law by failing to keep required records and by failing to properly pay wages.

The motion is DENIED.  The Court may ultimately determine that Plaintiffs' claims under South Carolina law rely upon an overly expansive interpretation of the employer definition but for now the Court is persuaded that Plaintiffs have alleged sufficient facts regarding the issue of employment status.

### 5.    *Texas Claims*

18

Belfor argues that it is not subject to Texas' Payday Law because it did not employ Plaintiffs, and specifically because it was a general contractor exempt from the act.  Belfor points out that Texas has no overtime statute.

In opposition, Plaintiffs concede that Texas has no overtime statute.  They persist, however, in their claim that Belfor violated state law by failing to keep required records and by failing to properly pay wages.

The motion is DENIED.  The Court may ultimately determine that Belfor's acted solely as a general contractor with respect to Plaintiffs' but for now the Court is persuaded that Plaintiffs have alleged sufficient facts regarding the issue of employment status.

For the foregoing reasons, Belfor's Motion to Dismiss Certain Plaintiffs' Claims and Demands (Rec. Doc. 390) is GRANTED IN PART AND DENIED IN PART.  The motion is DENIED insofar as it seeks to dismiss *all* claims brought by plaintiffs Ricardo Manuel and Joao Batista Silva.  The motion is GRANTED as to the claim for liquidated damages under Ohio law and DENIED as the wage records claim under Ohio law.  The motion is GRANTED as to any claims brought under the Pennsylvania WPCL and DENIED as to any claims brought under Pennsylvania's Minium Wage Act.  The motion

19

is GRANTED as to any overtime claims under South Carolina law and
DENIED as to the records claim under South Carolina law.  The
motion is GRANTED as to any overtime claims under Texas law and
DENIED as to the records claim under Texas law.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 404)**
filed by defendant Belfor USA Group, Inc. is **GRANTED IN PART AND
DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss Certain
Plaintiffs' Claims and Demands (Rec. Doc. 390)** filed by defendant
Belfor USA Group, Inc. is **GRANTED IN PART AND DENIED IN PART** as
explained above.

February 13, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

20