# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
_____

VALDIR XAVIER, ET AL

        PLAINTIFFS,


VS.

BELFOR USA GROUP, INC.,

        DEFENDANT.

CASE NO. 06-491,
06-7804, 08-3736 & 08-949


**Reference to 06-7804**

Section "A"
JUDGE: ZAINEY

Mag. Div. (3)
MAGISTRATE: KNOWLES

---

## PLAINTIFF'S FOURTH AMENDED COMPLAINT AND JURY DEMAND

## I.    PRELIMINARY STATEMENT

1.    This is a civil action brought on behalf of the named Plaintiffs who worked or are working for the Defendant Belfor USA Group, Inc. (Belfor) in various disaster restoration projects throughout the United States. Plaintiffs complain that Belfor engaged in a pattern or practice of unlawful conduct which resulted in the violation of their rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.. Plaintiffs also complain that Belfor violated their rights under the laws of the state of California, Illinois, Pennsylvania, Ohio, New York, South Carolina and Texas.

2.    Plaintiffs seek an award of their unpaid wages along with any applicable statutory remedy that may be available to them under the FLSA or the laws of the aforementioned states.

## II.  PARTIES

3.      Plaintiff Sergio Luiz Gonclaves Alho is a resident of the state of Florida who performed unskilled[1] manual labor for Belfor in California, Florida and Louisiana through World Cleaning Services, Inc. (aka WCS), Expro Services, Inc., and another Florida company named Statewide in 2003, 2004, 2005, and 2006.

4.      Plaintiff Jorge Anderson is a resident of the state of Texas who performed unskilled manual labor for Belfor in Alabama, Florida, Louisiana, Ohio, and Texas through Tico's Construction, L.L.C., in 2004, 2005, 2006, and 2007.

5.      Plaintiff Denice Albencio Aroyo is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc.[2] and/or Expro Services, Inc., in at least the year 2004.

6.      Plaintiff Moises Augusto is a resident of the state of Florida who performed unskilled manual labor for Belfor through Expro Services, Inc. in Louisiana and Florida in at least the year 2005.

7.      Plaintiff Vanderlei Bacarro is a resident of the state of Florida who performed unskilled manual labor for Belfor in Louisiana and Florida through Expro Services, Inc. in at least the year 2005.

8.      Plaintiff George Barbosa is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Louisiana and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004, and 2005.

9.      Plaintiff Miguel Barquero is a resident of the state of Louisiana who performed unskilled

---

[1] The work performed did not require any specialized skill, however, Belfor at times labeled and billed the work performed by the Plaintiffs as "skilled" labor.

[2] World Cleaning Services, Inc. is also known as W.C.S., Inc..

manual labor for Belfor through Tico's Construction, L.L.C., in at least the year 2005.

10. Plaintiff Marize Barroso is a resident of the state of Louisiana who performed unskilled manual labor for Belfor through World Cleaning Services, Inc. and Expro Services, Inc. in Florida, Pennsylvania and Virginia in 2004, 2005 and 2006.

11. Plaintiff Cordovil Barroso is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida, Louisiana and Virginia through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

12. Plaintiff Vinicius Domingues Barroso is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in California, Florida, and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004 and 2005.

13. Plaintiff Charles Bitting is a resident of the state of Ohio who performed unskilled manual labor for Belfor in Florida, Louisiana and Ohio through Ticos Construction, L.L.C. in 2005 and 2006.

14. Plaintiff Manuel Brizuela is a resident of the state of North Carolina who performed unskilled manual labor for Belfor through ITT, Inc. in at least the year 2005.

15. Plaintiff Eduardo da Silva Camara is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc., Expro Services, Inc. and Labor Sap, Inc., in 2004 and 2005.

16. Plaintiff Clauido Armaral Carvalho is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through Expro Services, Inc.

17. Plaintiff Mario T. Castro is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia, Louisiana, North Carolina and South Carolina through ITT, Inc. in 2004, 2005, 2006, and 2007.

18.     Plaintiff Jose Cardena is a resident of the state of California who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. in 2002, 2003, and 2004.

19.     Plaintiff Rodrigo Chaves is a resident of the state of Florida who performed unskilled manual labor for Belfor in California and Florida through World Cleaning Services, Inc. in 2002, 2003 and 2004.

20.     Plaintiff Renan Chaves is a resident of the state of Florida who performed unskilled manual labor for Belfor in California and Florida through World Cleaning Services, Inc. in 2002 and 2003.

21.     Plaintiff Erio Candido Cimim is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in at least 2004.

22.     Plaintiff Jose Claudio Hubner is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004 and 2005.

23.     Plaintiff Hector Cocca is a resident of North Carolina who performed unskilled manual labor for Belfor in Florida and Georgia through ITT, Inc. in 2004 and 2005.

24.     Plaintiff Mirian Cordero is a resident of Florida who performed unskilled manual labor for Belfor.

25.     Plaintiff Hosana da Costa is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida and Pennsylvania through Expro Services, Inc. in 2004 and 2005.

-4-

26.  Plaintiff Dalce Campos da Mota is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

27.  Plaintiff Paulo Lincoln da Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in California and Florida through World Cleaning Services, Inc in 2002, 2003, and 2004.

28.  Plaintiff Andre Feliciano da Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's labor suppliers.

29.  Plaintiff Mariana Feliciano da Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

30.  Plaintiff Cicero Ferreirra da Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

31.  Plaintiff Rosangela Maria da Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida and Louisiana through World Cleaning Services, Inc. in 2001, 2002, 2003 and 2004.

32.  Plaintiff Samuel S. da Silva is a resident of the state of Connecticut who performed unskilled manual labor for Belfor in Texas through M2/Royal Construction, Inc. in 2005.

33.  Plaintiff Joao Batista da Silva is a resident of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2003 and 2004.

34.     Plaintiff Geralda de Melo is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida, Louisiana, Mississippi and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

35.     Plaintiff Mauricio de Oliveira is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Louisiana and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004 and 2005.

36.     Plaintiff Sergio Ferreira de Olveira is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. in 2004.

37.     Plaintiff Vanderlei Texeira de Siqueira is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. and Expro Services, Inc.

38.     Plaintiff Elias Rocha de Souza is a resident of Florida who performed unskilled manual labor for Belfor in Florida through Expro Services, Inc. in 2005 and 2006.

39.     Plaintiff Aime Viera Duarte is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Louisiana through one of Belfor's subcontractors.

40.     Plaintiff Jose Duarte is a resident of Louisiana who performed unskilled manual labor for Belfor in California, Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2002, 2003, 2004 and 2005.

41.     Plaintiff Sandra Aparecida Espedito is a resident of the state of Florida who performed unskilled manual labor for Belfor through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

42.   Plaintiff Sonia Maria Feliciano is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004.

43.   Plaintiff Joao Carlos Fernandez is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004.

44.   Plaintiff Elma Campos Ferreira is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Mississippi through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004 and 2005.

45.   Plaintiff Joao Batista Filho is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

46.   Plaintiff San Juanita Tovias Galvan is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia, Mississippi and South Carolina through ITT, Inc. in 2005.

47.   Plaintiff Evandro Ginelli is a resident of the state of Florida who performed unskilled manual labor for Belfor in California and Florida through World Cleaning Services, Inc. and Expro Services, Inc. in 2002, 2003, 2004 and 2005.

48.   Plaintiff Angela Maria Sousa Gomes is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Louisiana through one of Belfor's subcontractors.

49.   Plaintiff David Sousa Gomes is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

50.     Plaintiff Maria Gomes is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004.

51.     Plaintiff Aroldo Batista Gomes is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc..

52.     Plaintiff Alex Gomes is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

53.     Plaintiff Karoline Diniz Gondim is a resident of the state of Florida who performed unskilled manual labor for Belfor in Alabama, California, Florida, Louisiana, Mississippi and Pennsylvania through one of Belfor's subcontractors.

54.     Plaintiff Adan Gonzales is a resident of the state of Tennessee who performed unskilled manual labor for Belfor through Ticos Construction, L.L.C..

55.     Plaintiff Nini Groth is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. and Expro Services, Inc. in 2005.

56.     Plaintiff Michael Ray Hamilton is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida, Louisiana and Mississippi through M2/Royal Construction, Inc. in 2004, 2005 and 2006.

57.     Plaintiff Eunice Gomes Harca is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

58.     Plaintiff Jose Claudio Hubner is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004 and 2005.

59.     Plaintiff Maria Hubner is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004 and 2005.

60.     Plaintiff Baptiste Pinto de O Jimenez is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

61.     Plaintiff Dirson Barbosa Junior is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Louisiana and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004 and 2005.

62.     Plaintiff Alvaro J.G. Junior is a resident of the state of Florida who performed unskilled manual labor in Florida through World Cleaning Services, Inc. and Expro Services, Inc. in 2004 and 2005.

63.     Plaintiff Renaldo Leao is a resident of the state of Florida who performed unskilled manual labor in Florida through World Cleaning Services, Inc. and Expro Services, Inc. in 2003, 2004 and 2005.

64.     Plaintiff Reina Hilda Lemus is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in North Carolina through ITT, Inc. in 2005.

65.     Plaintiff Silvio de Sousa Lima is a resident of the state of Florida who performed unskilled manual labor in Florida through World Cleaning Services, Inc., Expro Services, Inc. and a company named Statewide in 2004, 2005, and 2006.

66.     Plaintiff Vanda Lima is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Louisiana, Mississippi and Pennsylvania through a company named Inrecon  and Expro Services, Inc. in 2002, 2003, 2004, 2005, 2006.

67.     Plaintiff Emilio Lopez is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia through ITT, Inc. in 2004 and 2005.

68.     Plaintiff Rosy Martinez is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Louisiana through Ticos Construction, L.L.C. and ITT, Inc. in 2005.

69.     Plaintiff Alexandro Martins is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

70.     Plaintiff Jeandro Martins is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

71.     Plaintiff Maria Mauriz is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia through ITT, Inc. in 2004 and 2005.

72.     Plaintiff Carlos Henrique Miranda is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2002, 2003, 2004 and 2005.

73.     Plaintiff Ana Moreno is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia through ITT, Inc. in 2005.

74.     Plaintiff Idemar Luiz Neves is a resident of the state of Florida who performed unskilled manual for Belfor in Florida through one of Belfor's subcontractors in 2004.

75.     Plaintiff Roberto Nunez is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors in 2004.

76.     Plaintiff Orestes Obando is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Louisiana and Mississippi through Ticos Construction, L.L.C. in 2005 and 2006.

-10-

77.     Plaintiff Juan Aguirre Ortiz is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in North Carolina through ITT, Inc. in 2005.

78.     Plaintiff Leonardo Peixoto is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors in 2004.

79.     Plaintiff Sebastio Pereira is a resident of the state of Florida who performs unskilled manual labor for Belfor in Florida and Pennsylvania through one of Belfor's subcontractors.

80.     Plaintiff Mara Beatriz Freitas Pimenta is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. in 2004, 2005 and 2006.

81.     Plaintiff Erick Pinheiro is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Illinois and Louisiana through World Cleaning Services, Inc., Expro Services, Inc. and a company named Statewide in 2002, 2003, 2004 and 2005.

82.     Plaintiff Daniella Pinto is a resident of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

83.     Plaintiff Adriano da Silva Queiroz is a resident of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

84.     Plaintiff Juan Ramirez Ramos is a resident of the state of North Carolina who performed unskilled manual labor for Belfor in Georgia, Mississippi, New York, North Carolina and South Carolina through ITT, Inc. in 2005 and 2006.

85.     Plaintiff Olga Camara Rivera is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc., Expro

Services, Inc. and Labor SAP, Inc. in 2004, 2005.

86.     Plaintiff Adailton Rodrigues is a resident of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

87.     Plaintiff G. Rubia is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontrtactors.

88.     Plaintiff Andre Santos is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

89.     Plaintiff Gladston Santos Jr. is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2005 and 2006.

90.     Plaintiff of Marcos Antonio Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

91.     Plaintiff Marcel Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in California, Florida, Louisiana and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc.

92.     Plaintiff Anderson De Menezes Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2002 and 2003.

93.      Plaintiff Francilino Silva is a resident of the state of Florida who performed unskilled manual labor for Belfor through one of Belfor's subcontractors.

94.     Plaintiff Elinete Souza is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Florida through World Cleaning Services, Inc. in 2004 and 2006.

95.     Plaintiff Mariana Suarez is a resident of the state of California who performed unskilled manual labor for Belfor in California, Florida and Louisiana through World Cleaning Services, Inc. and Expro Services, Inc. in 2002, 2003, 2004, 2005.

96.     Plaintiff Monica Patricia Moreira Teixeira is a resident of the state of Louisiana who performed unskilled manual labor for Belfor in Louisiana through one of Belfor's subcontractors.

97.     Plaintiff George Turnquest is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida through one of Belfor's subcontractors.

98.     Plaintiff Carlos Velasquez-Garduno is a resident of the state of Tennessee who performed unskilled manual labor for Belfor in Louisiana, Mississippi, Ohio and Tennessee through one of Belfor's subcontractors.

99.     Plaintiff Valdir Xavier is a resident of the state of Florida who performed unskilled manual labor for Belfor in Florida, Louisiana and Pennsylvania through World Cleaning Services, Inc. and Expro Services, Inc. in 2002, 2003, 2004, 2005 and 2006.

100.    Defendant Belfor USA Group, Inc. (hereinafter "Belfor") is a corporation incorporated in the state of Delaware and registered as a foreign corporation with the Secretary of State of Louisiana whose resident agent is Access Louisiana, Inc., 400 Travis Street, Ste. 504, Shreveport, LA 71101.

### III.    JURISDICTION AND VENUE

101.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

102.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

-13-

103.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

104.    Belfor has consented to personal jurisdiction and venue in this District.

## IV.    GENERAL ALLEGATIONS

105.    Defendant Belfor was contracted by various businesses across the United States to provide services which included decontamination, drying, cleaning, odor neutralization and reconstruction among other things.

106.    Defendant Belfor was permitted to subcontract some or all of the work it was required to provide under these contracts.

107.    Defendant Belfor contracted with various companies to provide labor and other services to fulfill their obligations under the contracts referenced in paragraph 105.

108.    These companies, which included Ticos Construction, L.L.C.,  World Cleaning Services, Inc., Expro Services, Inc., ITT, Inc. (aka USTT, Inc.), Labor SAP, Inc. and a company named "Statewide" (hereinafter referred to collectively as "Temporary Labor Providers"), recruited and hired workers on behalf of Defendant Belfor.

109.    These temporary labor providers also served as a payroll service that processed the payroll for the workers on behalf of Belfor.

110.    The temporary labor providers recruited and/or hired Plaintiffs on behalf of Belfor to perform the services required under the contracts referenced under paragraph 105.

111.    Though the temporary labor providers directly recruited and hired the Plaintiffs, Defendant Belfor directly controlled and supervised the work performed by the Plaintiffs on each project, in each state.

112.    Belfor directed the manner in which the work was performed by the Plaintiffs on each project.

-14-

113.    Belfor set the work schedule for the Plaintiffs.

114.    Belfor provided all the tools, equipment and training required by the Plaintiffs to perform the work.

115.    Belfor provided the Plaintiffs with a uniform and safety gear.

116.    The Plaintiffs typically worked for Belfor for months at a time.

117.    The Plaintiffs were transported across the United States to work for Belfor on various projects in several states.

118.    Belfor arranged or assisted in arranging for the Plaintiffs travel and housing.

119.    Plaintiffs were housed by Belfor in hotels located at or near the location of the worksite during the period in which the Plaintiffs were working for Belfor, which was often several months.

120.    The services performed by the Plaintiffs did not require any special skills, education or training.

121.    Plaintiffs did not work or perform services for any other company or entity during the periods of time that they were working for Belfor.

122.    Plaintiffs worked as unskilled manual laborers on various projects across the United States for Belfor and were compensated on an hourly rate basis on each project.

123.    Plaintiffs performed substantially similar unskilled manual labor in public and private buildings.

124.    Plaintiffs routinely worked over 8 hours per day, and sometimes more than twelve hours per day, over 40 hours per week, and at times 7 days a week.

125.    Plaintiffs were paid a set hourly rate for every hour worked in each project they worked for Belfor in each state in which they worked.

126.    Plaintiffs were not paid an overtime premium, as defined and required by the FLSA and the aforementioned state laws for any hours they worked in excess of 8 hours per day, twelve hours per day and 40 hours per week.

127.    Plaintiffs generally worked seven days a week and usually twelve hours a day restoring and cleaning buildings and other property contaminated by mold, flood water and/or smoke.  In general, Plaintiffs are individuals who have limited proficiency in English and are unfamiliar with the many labor protections provided by federal law and the laws of each state in which they were employed.  Belfor exploited Plaintiffs' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay them.

128.    The Plaintiffs were not paid all their wages due on time as required.[3]

129.    Belfor willfully and intentionally failed to pay Plaintiffs as required by law.

130.    At all times relevant to this action, Belfor employed Plaintiffs with the meaning of the FLSA and the aforementioned state laws.

131.    At all times relevant to this action, Plaintiffs were employees of Belfor within the meaning of the FLSA and the aforementioned state laws.

132.    At all times relevant to this action, Belfor was the employer of the Plaintiffs within the meaning of the FLSA and the aforementioned state laws.

133.    Belfor maintained a record of each hour worked by each Plaintiff on every project on which Plaintiffs were employed.

134.    Belfor's business model is such that they are compensated in large part based on the

---

[3]  To the extent that any demand for payment is required to be made under any applicable state law under which the Plaintiffs claim a statutory right, the Plaintiffs have made such demand through the filing of their consents in this action and again here with the filing of this complaint.

number of hours worked by the Plaintiffs.

135.    Belfor charged it's clients/customers an overtime premium for every overtime hour worked by each Plaintiff.

136.    Belfor used the temporary labor providers as a means of circumventing their obligations under the FLSA which requires compensating Plaintiffs at a premium overtime rate for every hour of overtime worked.

## V.    COUNT I
## Violation of the Federal Fair Labor Standards Act,  29 USC § 201 et. seq.

137.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

138.    Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs have consented in writing to be party plaintiffs in this FLSA action.[4]

139.    At all relevant times, Belfor has been an "employer[s]" and/or "joint employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Belfor has employed "employee[s]," including Plaintiffs. At all relevant times, Belfor has had gross operating revenues in excess of $500,000.

140.    At all times relevant to this action, Belfor "suffered or permitted" the Plaintiffs to work and thus "employed" Plaintiffs within the meaning of FLSA, 29 U.S.C. §203(g).

141.    The FLSA requires an employer to pay employees the federally mandated overtime wage rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

---

[4]  Consent forms have been previously filed with this court and are hereby incorporated in this amendment as well as in Exhibit 1.

142.   Belfor violated the FLSA by failing to pay the Plaintiffs the overtime wage rate for all hours worked in excess of 40 hours per workweek.

143.   Plaintiffs are victims of a uniform and company wide compensation policy which operates to compensate them at a rate less than the federally mandated overtime wage rate.  This uniform policy, in violation of the FLSA, has been applied to all individuals who have worked or are working as unskilled manual laborers for Belfor.

144.   Belfor's violations of the FLSA were willful.

145.   By failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Belfor has violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. § 207(a)(1) and § 215(a).

146.   The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

147.   As a result of Belfor's violation, each Plaintiff is entitled to his or her unpaid overtime wage plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney's fee.

### VI.  COUNT II
### Violation of the Cal. Labor Code §§ 510, 1194, Brought by
### Named Plaintiffs who worked in California

148.   The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

149.   California law requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over eight per day and six days per

week.

150.    The Plaintiffs are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

151.    Throughout their employment with Belfor the Plaintiffs worked in excess of eight hours in a workday and/or six days in a workweek. Plaintiffs at times also worked in excess of twelve hours in a workday.

152.    During all relvant times, Belfor misclassified the Plaintiffs as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

153.    As a direct and proximate result of Belfor's unlawful conduct, as set forth herein, the Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Belfor in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**VII.  Count III**
**Violations of Cal. Labor Code §§ 201, 202, & 203,**
**Brought by the Plaintiffs who worked in California**

154.    The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

155.    California Labor Code §§ 201 and 202 require Belfor to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

156.   The Plaintiffs, who ceased employment with Belfor are entitled to unpaid compensation, but to date have not received such compensation.

157.   More than thirty days have passed since the Plaintiffs left Belfor's employ.

158.   As a consequence of Belfor's willful conduct in not paying compensation for all hours worked, the Plaintiffs whose employment ended during the class period are entitled to thirty days ' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## VIII.  Count IV
**Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*.,
Brought by the Plaintiffs who worked in California**

159.   The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

160.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

161.   Beginning at a date unknown to Plaintiffs, Belfor committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Belfor's conduct as herein alleged has injured the Plaintiffs by wrongfully denying them earned wages, and therefore was substantially injurious to the Plaintiffs.

162.   Belfor engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.  California Labor Code § 1194;

b.  California Labor Code §§ 201, 202, 203, 204, and 226;

c.  California Labor Code § 1174; and

d.  California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

163. Belfor's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Belfor's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

164. The unlawful and unfair business practices and acts of Belfor, described above, have injured the Plaintiffs in that they were wrongfully denied the payment of earned overtime wages.

165. The Plaintiffs seek recovery of attorneys' fees and costs of this action to be paid by Belfor, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

166. The Plaintiffs seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one- half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

### IX.  Count V.
### Violations of the Illinois Minimum Wage Act Brought by Plaintiffs who worked in Illinois

167.    The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

168.    Illinois law requires an employer, such as Belfor, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

169.    The Plaintiffs are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

170.    Throughout the Plaintiff's employment the Plaintiffs worked in excess of forty hours in a workweek.

171.    During the Plaintiff's employment, Belfor misclassified the Plaintiffs as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

172.    As a direct and proximate result of Belfor's unlawful conduct, as set forth herein, the Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Belfor in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### X.  Count VI
### Violations of the Illinois Wage Payment & Collection Act
### Brought by Plaintiffs who worked in Illinois

173.    The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

174.    Illinois Law requires employers like Belfor to pay its employees all wages due within the time specified by law.  820 ILCS §115/4.

175.   The Plaintiffs who are owed wages for work performed during period of employment are entitled to their unpaid compensation, but to date have not received such compensation.

176.   As a consequence of Belfor's willful conduct in not paying compensation for all hours worked, the Plaintiffs are entitled to their unpaid wages, together with interest thereon and attorneys' fees and costs.  705 ICLS §225/1.

## XI.  Count VII
### Violations of the Pennsylvania Minimum Wage Act
### Brought by Plaintiffs who worked in Pennsylvania

177.   The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

178.   The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. § 333.103 *et seq.*

179.   At all relevant times, Belfor has been an "employer" within the meaning of the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. §333.103(g). At all relevant times, Belfor has employed employees, including the Plaintiffs within the meaning of the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.103(h).

180.   The Pennsylvania Minimum Wage Act of 1968 requires an employer, such as Belfor, to pay overtime compensation to all non-exempt employees. 43 Pa. Stat. § 333.104(c). The Plaintiffs are not exempt from overtime pay requirements under Pennsylvania law. 43 Pa. Stat. § 333.105.

181.   At all relevant times, Belfor had a policy and practice of failing and refusing to pay overtime pay to the Plaintiffs for their hours worked in excess of forty (40) hours per week.

182. Belfor has violated the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.104(c).

183. As a result of Belfor's failure to pay wages earned and due, and its decision to withhold wages earned and due, Belfor must pay to the Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

184. The Plaintiffs seeks recovery of attorneys' fees and costs of this action to be paid by Belfor, as provided by the Pennsylvania Minimum Wage Act of 1968. 43 Pa. Stat. § 333.113.

185. The Plaintiffs seek damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, less any such wages paid, as provided by the Pennsylvania Minimum Wage Act of 1968, and such other legal and equitable relief from Belfor's unlawful and willful conduct as the Court deems just and proper. 43 Pa. Stat. § 333.113.

## XII.  Count VIII
### Violations of the Ohio Minimum Fair Wage Standards Act
### Brought by the Plaintiffs who worked in Ohio

186. The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

187. Ohio law requires an employer, such as Belfor, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

188. The Plaintiffs are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

189.   Throughout the Plaintiff's employment, and continuing through the present, the Plaintiffs worked in excess of forty hours in a workweek.

190.   During the Palintiff's employment, Belfor misclassified the Plaintiffs as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

191.   As a direct and proximate result of Belfor's unlawful conduct, as set forth herein, the Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### XIII. Count IX
### Violation of New York Labor Law, N.Y. Labor Law §650 et seq. -
### Reference to Minimum Wage Order for the Building Services Industry
### Brought by Plaintiffs who worked in New York

192.   The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

193.   New York law requires an employer, such as Belfor, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

194.   Plaintiffs are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

195.   Throughout the Plaintiff's employment the Plaintiffs worked in excess of forty hours in a workweek.

196.   During the Plaintiff's employment, Belfor misclassified the Plaintiffs as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

197. New York law requires an employer to pay its employees all wages due within the time specified by law.

198. Belfor has failed to pay the Plaintiffs all wages due as required by law.

199. Plaintiffs hereby waive their right to liquidated damages under New York law.

200. As a direct and proximate result of Belfor's unlawful conduct, as set forth herein, the Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Belfor in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### XIV.   Count X

**Violation of South Carolina Payment of Wages Act, S.C.Code.Ann.§41-10-20 et seq.**
**Brought by the Plaintiffs who worked in South Carolina**

201. The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

202. South Carolina law requires an employer to pay its employees all wages due within the time specified by law.

203. Belfor failed to pay the Plaintiffs all wages due as required by law.

204. South Carolina law provides that if an employer fails to timely pay such wages, the employer shall be liable to the employee for an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees.

205. Belfor failed to maintain a record for the Plaintiffs as required by law.

206. As a consequence of Belfor's willful conduct in not paying compensation when due and failing to maintain a record for the Plaintiffs are entitled to an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees.

## XV.   Count XI

### Violation of Texas Payday Law, Tex.Lab.Code.Ann. §61.011 *et seq*.
### Brought by the Plaintiffs who worked in Texas

207.   The Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

208.   Texas law requires an employer to pay its employees all wages due within the time specified by law.

209.   Belfor has failed to pay the Plaintiffs all wages due as required by law.

210.   Texas law that if an employer fails to timely pay such wages, the employer shall be liable to the employee for the unpaid wages and liquidated damages as well as costs and attorney fees.

211.   Belfor has failed to maintain records of the Plaintiffs as required by law.

212.   As a consequence of Belfor's willful conduct in not paying compensation when due and failing to maintain records as required by law, Plaintiffs are entitled to their unpaid wages, liquidated damages and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.   Declaring that Belfor willfully violated the Fair Labor Standards Act and their attendant regulations;

B.   Declaring that Belfor willfully and/or intentionally violated the Plaintiffs rights under the wage and hour laws of California, Illinois, Pennsylvania, Ohio, New York, South Carolina and Texas;

C.      Granting judgment in favor of Plaintiffs and against Belfor on the Plaintiffs' Fair Labor

        Standards Act claim and awarding each of them the amount of his/her unpaid overtime

        wages, along with an equal amount as liquidated damages;

D.      Granting judgment in favor of Plaintiffs and against Belfor on the state wage and hour

        claims and awarding each of them the amount of his/her unpaid overtime wages.

E.      Awarding Plaintiffs the costs of this action;

F.      Awarding the Plaintiffs a reasonable attorney's fee with regard to their claims under the

        Fair Labor Standards Act or othe applicable state law;

G.      Pre-Judgment and Post-Judgment interest, as provided by law; and

H.      Whatever additional relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims to which they have

a right to a jury trial.

Respectfully submitted,

s/Nancy Picard
Nancy Picard (La. Bar No. 19449)
npicard@ruspclaw.com
Robert Urann (La. Bar No. 12985)
rurann@ruspclaw.com
**Robein, Urann, Spencer, Picard & Cangemi**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Phone:  (504) 885-9994
Fax: (504) 885-9969

Jose A. Sandoval (P57274)
jdsandoval@sbcglobal.net
Robert Anthony Alvarez (P66954)
alvarezlaw@gmail.com
**Law Office of Jose A. Sandoval, P.C.**
4543 S. Division Ave.
Wyoming, MI 49503
(616) 257-6807

Ronald J. VanderVeen (P33067)
Pro Hac Vice
rjvv@holland-law.com
Gregory J. McCoy (P51419)
gmccoy@holland-law.com
**Cunningham Dalman, P.C.**
321 Settlers Road
Holland, MI 49423
(616) 392-1821

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2009, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

**s/Nancy Picard**
**Nancy Picard (LA Bar No. 19449)**
npicard@ruspclaw.com
**ROBEIN, URANN, SPENCER, PICARD &**
**CANGEMI, APLC**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
(504) 885-9994 phone
(504) 885-9969 fax

F:\APPS\WP51\CLIENTS\_Obando 40731_0001\Pleadings\4th Amend Comp\4th Amended Complaint Final 030309.doc