UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALDIR XAVIER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-491 c/w 06-7804, 08-3736 & 08-949 |
| | REF: NO. 06-7804 (Obando) |
| BELFOR USA GROUP, INC. | SECTION: "A" (3) |

**ORDER**

Before the Court is a **Motion to Dismiss and To Strike (Rec. Doc. 450)** filed by defendant Belfor USA Group, Inc. ("Belfor"). The Obando plaintiffs oppose the motion in part. The motion, set for hearing on April 15, 2009, is before the Court on the briefs without oral argument.

Belfor moves pursuant to Rule 12(b)(6) and Rule 12(f) to dismiss the claims of Joao Batista Filho and G. Rubia for failure to file a consent to opt-in as required by 29 U.S.C. § 216(b).[1] Belfor also moves the Court to strike the new state law claims contained in the Fourth Amended Complaint as violative of the Magistrate Court's January 21, 2009, Minute Entry denying Plaintiffs leave to amend their complaint to add those claims.

---

[1] Belfor also moved to dismiss the claims of Aparecida Espedito and Olga Camara but has since withdrawn the motion with respect to these two plaintiffs. (Rec. Doc. 463).

In response, Plaintiffs concede that a consent form was not timely filed for Joao Batista Filho and G. Rubia and therefore stipulate to the withdrawal of their claims.  Plaintiffs argue that the Magistrate Judge's Order pertained only to leave to amend to add class claims based on state law as opposed to individuals claims.

The Court agrees with Plaintiffs' interpretation of the prior orders.  On March 31, 2008, Judge Porteous dismissed the Obando Plaintiffs' state law class claims and while he expressed doubt as to the viability of the individual state law claims, his order is clear in that those individual claims survived.  (Rec. Doc. 240).  Thus, when the magistrate judge denied Plaintiffs' motion for leave to amend as futile based on "the district judge's prior relevant rulings," it is clear with respect to any state law claims that he would have been referring to Plaintiffs' attempt to re-allege the class allegations.  Thus, insofar as Plaintiffs have amended their complaint in accordance with CMO No. 3 to include individuals who previously opted into the suit through filing a consent as a party plaintiff, (Rec. Doc. 436 ¶ 1), those individual Plaintiffs can likewise assert their individual state law claims.  Neither the magistrate's ruling nor

CMO No. 3 dictate otherwise.[2]

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss and To Strike (Rec. Doc. 450)** filed by defendant Belfor USA Group, Inc. is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** insofar as all claims brought by Joao Batista Filho and G. Rubia are **DISMISSED**. The motion is **DENIED** in all other respects.

April 28, 2009

                                                        _____
                                                        JAY C. ZAINEY
                                                        UNITED STATES DISTRICT JUDGE

---

[2] For clarification, while CMO No. 3 does not expressly preclude an individual who had previously filed a consent to sue from also bringing his individual related state law claims, it would preclude some hypothetical individual who had not previously filed a consent to sue from now joining this lawsuit solely for the purpose of bringing a state law claim.

3