UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VALDIR XAVIER, et al., | * | CIVIL ACTION |
| | * | NO. 06-0491 c/w 06-7804, |
| Plaintiffs, | * | 08-949 & 08-3736 |
| | * | |
| VERSUS | * | **(Reference to 08-3736 only)** |
| | * | |
| BELFOR USA GROUP, INC., | * | SECTION "A" |
| | * | JUDGE ZAINEY |
| Defendant. | * | |
| | * | MAG. DIV. (3) |
| | * | MAG. JUDGE KNOWLES |
| ****************************************** | | |

**MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL APPEARANCES**

**MAY IT PLEASE THE COURT:**

Defendant, Belfor USA Group, Inc. ("Belfor"), respectfully moves this Court for an order compelling certain of the *Nava* plaintiffs', Agnelio Jurado and Adaildo M. Periera, appearance for deposition and compliance with their obligations under the Federal Rules of Civil Procedure. Alternatively, Belfor moves for an order dismissing these plaintiffs with prejudice for failing to appear at their properly noticed depositions in Louisiana. For the reasons set forth below, this motion should be granted.

I.      **Factual and Procedural Background**

This Court is very familiar with the history of this litigation.

    A.      *Belfor's Business*

As previously described in motions directed to the claims asserted in *Xavier* and *Obando*, Belfor is the global leader in restoration and reconstruction services, and it specializes in emergency response. It has operated throughout the United States and internationally for years and has managed tens of thousands of jobs during the time periods at issue in this lawsuit. Like virtually every other general contractor in the construction industry, Belfor utilizes subcontractors on its projects.

Belfor requires its subcontractors to comply with all applicable laws. As this Court has noted, it includes strong language in its Master Service Agreements providing for the termination of the agreement and the withholding of payment on all invoices should a subcontractor be out of compliance. In fact, Belfor has authority to stop payment on subcontractor invoices when a subcontractor's business practices are called into question – whether the question is one of payroll practices or quality of work. The original action here, Civil Action No. 06-491, prompted Belfor to take just such action with several of its subcontractors.

    B.      *The* Xavier *and* Obando *Matters*

In February of 2006, Belfor was served with the original Complaint in this consolidated proceeding, Civil Action No. 06-491, alleging that workers on Belfor jobsites following Hurricane Katrina were not paid overtime wages owed pursuant to the FLSA. Belfor launched an investigation and learned that, in fact, certain subcontractors had not paid overtime wages to workers. Belfor had retained money from each of the subcontractors at issue, so it invoked its

2

rights of indemnification and offset to ensure that each of the workers denied overtime wages was paid in full.  That action is not at issue in this Motion.

        C.      *The* Nava *Action*

Nearly seventeen months after the *Obando* action was filed, Mr. Nava and others filed this action against Belfor.  Like the plaintiffs in *Xavier* and *Obando*, the *Nava* plaintiffs attempt to characterize Belfor, the general contractor, as their employer, relying on broad and conclusory allegations.  On September 10, 2008, this Court consolidated the *Nava* action with the *Xavier* and *Obando* actions. Order, dated 9/10/08, [R. Doc. No. 328].  There were eleven representative plaintiffs in *Nava* seeking to represent a collection of thousands – potentially tens of thousands – of workers.

Beginning on May 6, 2009, Belfor began requesting amenable dates for the deposition of the eleven *Nava* representative plaintiffs, and further offered coordinating the schedule with their respective locations.  For over a month, all requests were universally ignored.  After hearing nothing at all from the *Nava* plaintiffs or their counsel, on June 16, 2009, Belfor noticed the depositions of all the representative plaintiffs to begin on July 29, 2009.[1]

At that time, no objections were voiced to dates and/or locations of the depositions, and no objection was raised in various communications between counsel subsequent to that date.  In fact, the issue came up at the Status Conference with the District Court on June 18, 2009, and the *Nava* plaintiffs did not raise an objection.

---

[1] In accordance with Rule 5(d)(1), Belfor attaches to this Memorandum as Exhibit "A," *in globo*, the deposition notices served on the non-compliant plaintiffs, Jurado and Pereira, which were set for August 4, 2009, and August 6, 2009, respectively.

On July 14, 2009, in an unrelated phone call with Belfor, counsel for the *Nava* plaintiffs took the position that they were entirely unaware of the deposition notices and that no depositions would occur. Later that day, counsel for the *Nava* plaintiffs retracted that position, confirmed to Belfor that service was in fact accomplished, and confirmed that there was no objection on that basis to the depositions. So, any issues appeared cleared.

Then, on July 22, 2009, one week before the depositions were set to begin, and after Belfor made all necessary arrangements (including scheduling translators), counsel for the *Nava* plaintiffs emailed Belfor stating that they did not intend to comply with the deposition notices of the *Nava* plaintiffs at issue in this Motion, "[b]ased on their current residences" of Brazil and Ecuador, respectively.[2] This was the first notice to Belfor of any issue regarding the location of these plaintiffs' depositions.

The parties attempted to resolve their differences via correspondence, but the *Nava* plaintiffs would not relent from their position that Belfor had to travel to Ecuador and Brazil to depose these representative plaintiffs – persons who seek to represent workers in the United States. On July 24, 2009, the *Nava* plaintiffs reaffirmed their position, and committed to filing a Protective Order during the week of July 27-31, 2009. No such Motion was ever filed, so Belfor brings this Motion.[3]

Belfor now seeks relief from the Court in the form of an Order compelling appearances on penalty of dismissal with prejudice of the non-compliant plaintiffs.

---

[2] Actually, the *Nava* plaintiffs objected to any of the depositions proceeding, but the parties were able to resolve most of those differences.

[3] Given that the plaintiffs did not seek an Order postponing their depositions, at a minimum, Belfor should be awarded its costs and fees in bringing this Motion.

## II. The Non-Responsive *Nava* Plaintiffs Should Be Dismissed.

Pursuant to Rule 37(d), Belfor requests that these plaintiffs be dismissed from this action with prejudice.  Rule 37(d)(1)(A) provides that the court where the action is pending may, order sanctions if a party fails to appear for a properly noticed deposition.  FED. R. CIV. PRO. 37(d)(2)(A).  Furthermore, a party who fails to appear for deposition is subject to sanctions, <u>even in the absence of a prior court order</u>.  *See id*.  A party who objects to the noticed deposition cannot refuse to appear <u>but must obtain a protective order</u>.  FED. R. CIV. PRO. 37(d)(2).  Here, the non-responsive *Nava* plaintiffs unilaterally cancelled their depositions, failed to obtain a protective order (or even seek one), and committed to filing a Motion for Protective Order, but did not.  The *Nava* plaintiffs simply will not cooperate.

In reviewing the dismissal of a party for failure to comply with discovery obligations, the Supreme Court finds "as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976).  As one Court noted:

> Rule 37 sanctions, including the ultimate sanction of dismissal, should be imposed only if the party displays 'willfulness, bad faith, or fault,' see *Langley v. Union Electric Co.,* 107 F.3d 510, 514 (7th Cir.1997), but they erroneously assume that the term 'bad faith' operates as a gloss on the other two criteria mentioned in *Langley*. It does not; these criteria are stated in the disjunctive. Willfulness refers to the party's objective intention to do, or not to do, the act in question; it does not require either angelic or nefarious purpose. Fault similarly refers only to the allocation of responsibility.

*Jensen v. City of Wilmington*, Illinois, 71 Fed.Appx. 576, 2003 WL 21698993 (7th Cir. 2003).  As previously mentioned, Belfor has been trying to coordinate depositions of the representative

5

*Nava* plaintiffs for months now. After making all necessary arrangements for the *Nava* plaintiffs' depositions to take place, they have cancelled their depositions without seeking a protective order. The conduct exhibited by the *Nava* plaintiffs and their counsel regarding these depositions is extremely unreasonable and makes the progression of this case virtually impossible. This is especially true given that these plaintiffs are <u>representative plaintiffs</u> in the proposed collection, so in order for Belfor to determine who these plaintiffs represent, they must at the very least make themselves available for deposition. Belfor therefore submits that the sanction of dismissal with prejudice is appropriate under these circumstances.

### III. In the Alternative, the Court Should Compel Appearances at Depositions in the Forum.

In the alternative, the Court should require that the *Nava* plaintiffs appear for depositions in New Orleans, Louisiana. Under these circumstances, Belfor has the right to depose these individuals who are representative plaintiffs in this action regarding pattern and practice issues. *See Ashby v. McKenna,* 331 F.3d 1148, 1150 (10th Cir. 2003) (stating that "[i]t seems unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims"). Given the fact that these individuals represent the proposed collection, each of them – by definition – have discoverable information regarding the proposed collection and the Court's decision regarding certification.

Furthermore, a plaintiff or representative plaintiff in a collective action is required to make himself or herself available for examination in the district in which suit was brought and cannot complain about having to appear there for a deposition. *See e.g., Williams v. Sprint/United Management Co.*, 2006 WL 1867471, at *3 (D. Kan. 2006) (citing *Stubbs v. McDonald's Corp.,* 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005); *accord* 8A Charles Alan

Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 at 75-77 (2nd ed.1994)).  This Motion should be granted.

### IV.     **Belfor Should Be Awarded Its Fees and Costs.**

The Federal Rules are clear:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expended incurred in making the motion, including attorney's fees.

FED. R. CIV. P. 37(a)(5)(A).

Here, the Court and counsel are continually faced with the same scenario, *i.e.*, the plaintiffs continued lack of cooperation regarding their discovery obligations.  *See*, Order, dated 6/10/09, [R. Doc. No. 511]; Judgment, entered June 23, 2009, [R. Doc. No. 520] (dismissing 37 plaintiffs that would not respond in *Obando*); Order, entered 8/6/09, [R. Doc. No. 564] (dismissing non-compliant *Nava* plaintiffs).  Yet, counsel for the *Nava* plaintiffs refuses to cooperate in discovery, necessitating a constant Motion practice that does nothing to further the case or provide real disputes for resolution.  Belfor should be awarded its fees and costs for having to file this unnecessary Motion.

WHEREFORE, in the interests of moving this litigation forward, and in accordance with the Federal Rules, defendant, Belfor USA Group, Inc., respectfully requests that this Court grant its motion and dismiss the non-compliant *Nava* plaintiffs.  In the alternative, it respectfully requests the Court compel the *Nava* plaintiffs' appearance for depositions in the forum, and that costs and attorney's fees associated with filing this motion be charged against the *Nava* plaintiffs.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY:     _/s/Katie L. Dysart_____
         M. DAVID KURTZ (23821)
         STEVEN F. GRIFFITH, JR., T.A. (27232)
         ANNE DERBES WITTMANN (20584)
         ERIN E. PELLETERI (30666)
         KATIE L. DYSART (31449)
         201 St. Charles Avenue, Suite 3600
         New Orleans, Louisiana  70170
         Telephone:  (504) 566-5200
         Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
BELFOR USA GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

> Mark H. Verwys (mverwys@plunkettcooney.com)
> COUNSEL FOR *NAVA* PLAINTIFFS
>
> Robert A. Alvarez (alvarezlaw@gmail.com)
> COUNSEL FOR *OBANDO* AND *NAVA* PLAINTIFFS
>
> Nancy Picard (npicard@rul-law.com)
> COUNSEL FOR *OBANDO* AND *NAVA* PLAINTIFFS
>
> Jennifer J. Rosenbaum (jennifer.rosenbaum@splcenter.org)
> COUNSEL FOR *XAVIER* PLAINTIFFS

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

> Expro Services, Inc.
> 9858 Clintmoore Road, C-111, #221
> Boca Raton, Florida   33496
>
> M2/Royal Construction, Inc.
> c/o CT Corporation System
> 8850 United Plaza Blvd.
> Baton Rouge, LA 70809
>
> Ticos Construction, L.L.C.
> 8909 Couchville Pike
> Mt. Juliet, TN 37122

This the 18th day of August, 2009.

 /s/Katie L. Dysart
 KATIE L. DYSART