UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALDIR XAVIER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-491 c/w 06-7804, 08-3736 & 08-949 |
| | **REF: NO. 06-7804 (Obando)** |
| BELFOR USA GROUP, INC. | SECTION: "A" (3) |

### ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 592)** filed by defendant Belfor USA Group, Inc. ("Belfor"). The Obando plaintiffs oppose the motion. The motion, set for hearing on September 30, 2009, is before the Court on the briefs without oral argument.

Belfor moves for summary judgment regarding the claims of Alex Gomes, Michael Ray Hamilton, Anderson de Menezes Silva, Paulo Lincoln da Silva, Ana Moreno, Juan Aguirre Ortiz, and Joao Batista da Silva arguing that their claims are barred by the three year statute of limitations contained in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 255(a).

With respect to plaintiffs Alex Gomes, Michael Ray Hamilton, Anderson de Menezes Silva, and Paulo Lincoln da Silva, Belfor argues that their last known work date was more than three years before the date that they filed their respective consent forms in this action. Belfor contends that each individual plaintiff's

cause of action for unpaid wages or overtime began to accrue at latest on the last date that he worked on a Belfor project, and given that three years is the most generous statute of limitations provided in the FLSA, any claims brought outside of this timeframe are timebarred.

In opposition, Alex Gomes, Michael Ray Hamilton, Anderson de Menezes Silva, and Paulo Lincoln da Silva argue that the last known work dates that they provided were approximations based solely on memory, and that they require the Belfor project files in order to provide more specific, accurate, and detailed information. They contend that discovery is ongoing and that they require more time to review documents to determine their actual dates of employment.

With respect to plaintiffs Ana Moreno, Juan Aguirre Ortiz, and Joao Batista da Silva, Belfor argues that their claims are likewise timebarred because even though they filed consents to sue within three years of their last work date with Belfor, the FLSA collective action was later denied, and these plaintiffs' individual claims were not filed via amended complaint until more than three years after their last work date with Belfor.

In opposition, Ana Moreno, Juan Aguirre Ortiz, and Joao Batista da Silva argue that under the Court-approved CMOs in place at the time, they fully complied with the deadlines for

timely asserting their claims.

Belfor's motion is DENIED. The motion is denied as to plaintiffs Alex Gomes, Michael Ray Hamilton, Anderson de Menezes Silva, and Paulo Lincoln da Silva WITHOUT prejudice. In a status conference held on September 28, 2009, the Court ordered production of the project files that plaintiffs seek and from which they hope to discern their specific last known work dates. (Rec. Doc. 640). The Court agrees that Plaintiffs should be given the opportunity to adequately respond to Belfor's contention regarding the timeliness of their claims.

The motion is DENIED outright with respect to plaintiffs Ana Moreno, Juan Aguirre Ortiz, and Joao Batista da Silva. Plaintiffs did not take issue with Belfor's calculation regarding the number of days that had elapsed between these plaintiffs' last known work dates and the filing of their individual consents. Thus, assuming the correctness of Belfor's math, the better part of the three year limitations period ran on these plaintiffs' claims *prior to* their filing a consent form. (Rec. Doc. 592, Def. memo. at 3). When the motion to certify a collective action was denied on September 23, 2008, (Rec. Doc. 330) and the running of the statute of limitations resumed, each plaintiff had very little time remaining of the three year

limitations period in which to file an individual claim.[1] But on October 21, 2008, less than one month after the collective action ruling, the Court issued an order setting a status conference for October 29, 2008, (Rec. Doc. 357) and beginning with that status conference a series of case deadlines were imposed via court orders and CMOs prepared by the parties and approved by the Court. Notwithstanding that the Fourth Amended Complaint, which added the individual claims, was not filed into the record until March 4, 2009, it was nevertheless timely pursuant to the specific deadlines that controlled the case because Plaintiffs moved to amend the complaint *to add individual claims* within the deadlines given. (Rec. Doc. 439). And it was always understood that in the event that the Court denied certification of a collective action, the individual claims were to be brought as part of the Fourth Amended Complaint. (Rec. Doc. 436). Thus, the Court is not persuaded by Belfor's argument that the claims of Ana Moreno, Juan Aguirre Ortiz, and Joao Batista da Silva are

---

[1] Three years is 1095 days. Ana Moreno had (1095-1050) = 45 days to file; Juan Aguirre Ortiz had (1095-1031) = 64 days to file; and Joao Batista da Silva had (1095-1068) = 27 days to file.
  Plaintiffs argued in their opposition that they should not be penalized for the year that passed between the filing of their motion for certification and the Court's ruling denying that motion. Belfor's argument does not rely upon that time being counted against Plaintiffs.

4

timebarred.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 592)** filed by defendant Belfor USA Group, Inc. is **DENIED** as explained above.

September 30, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE